2 So.2d 765

**Ex parte STATE ex rel. LAWSON, Atty. Gen.**

I Div. 134.

Supreme Court of Alabama.

May 29, 1941.

Thos S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for petitioner.

306

McQueen & McQueen, of Tuscaloosa, Benners, Burr, McKamy & Forman, of Birmingham, and McCorvey, McLeod, Turner & Rogers, of Mobile, for respondent.

LIVINGSTON, Justice.

This is an original action in this Court to restrain by writ of prohibition the

Hon. J. Blocker Thornton, as Judge of the Circuit Court of Mobile County, in Equity, from taking further action in an appeal pending before him from a final assessment made by the State Department of Revenue under the provisions of the Alabama Use Tax Act (General Acts 1939, page 96, Code 1940, Tit. 51, §§ 787–811) against the Southern Kraft Corporation, a foreign corporation duly qualified to do business in this State, and having its principal place of business in Mobile County, Alabama; or, in the alternative, seeking a peremptory writ of mandamus directing the Hon. J. Blocker Thornton to grant the State's motion to dismiss the appeal.

The record and proceedings show that the Southern Kraft Corporation is a corporation organized and existing under the laws of the state of Delaware, and is duly qualified to do business in the State of Alabama, with its principal place of business in Mobile County. That on the 7th day of October 1940, the State Department of Revenue made final an assessment against the Southern Kraft Corporation under and by virtue of the provisions of the Alabama Use Tax Act, approved February 28, 1939. General Acts 1939, page 96. That on October 30, 1940, the Southern Kraft Corporation, after paying the assessment under protest, took an appeal in conformity with the provisions of section 103, Article 4 of the General Acts of 1935, page 256, 307, as amended by the Act approved April 21, 1936 (General Acts, Special Session 1936, page 172, Code 1940, Tit. 51, § 140) to the Circuit Court of Mobile County, in Equity.

The motion of the State to dismiss the appeal pending in the Circuit Court of Mobile County, in Equity, was denied by the Hon. J. Blocker Thornton, presiding judge, on January 16, 1941. Hence this proceeding.

The State insists (first) that the provisions of section 103, General Acts 1935, page 256, as amended by General Acts, Special Session, 1936, page 172, are not available to Southern Kraft Corporation, a foreign corporation, in view of the provisions of section XXIV of the General Acts of 1939, page 96, Code 1940, Tit. 51, § 810. In other words, that the remedy provided for in section XXIV, supra, is exclusive in final assessments made by the State Department of Revenue under the provisions of the Alabama Use Tax Act. (Second) That the Southern Kraft Corporation, a foreign corporation does not and cannot have a permanent residence within the State of Alabama within the meaning of section 103, supra.

With reference to the first question, the pertinent part of section XXIV, supra, is as follows: "No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action or proceeding in any court against this State or against any officer thereof to prevent or enjoin under this act the collections of any tax or any amount of tax herein required to be collected; but after payment of any such tax or any such amount of tax herein required to be collected under protest, duly verified and setting forth the grounds of objection to the legality thereof, the retailer or person making the payment may bring an action against the Commissioner of Revenue in the Circuit Court of Montgomery County, Alabama in equity, praying a declaratory judgment determining his tax liability for the amount so paid or his rights to a refund thereof. From the decree of the Circuit Court either the Commissioner or the person making the payment may appeal direct to the Supreme Court within thirty days and such appeal shall be a preferred case."

The courts of the several states have made numerous statements as to the purpose of declaratory judgments acts. It has been said that their primary purpose is to relieve litigants of the common law rule that no declaration of rights may be judicially adjudged unless a right has been violated for the violation of which relief may be granted. And further, that they render practical help in ending controversies which have not reached the stage where other legal relief is immediately available. Such statutes enable parties between whom an actual controversy exists or between whom litigation is inevitable to have the issues speedily determined where their determination would be delayed to the possible injury of the one or the other if they are compelled to await the courts of ordinary judicial proceedings. They are designed to supply the need of a form of action that will set controversies at rest before they lead to repudiation of obligations, invasion of rights, and the commission of wrongs. For other expressions as to the purpose of declaratory judgments acts, see 16 Amer.

Jur. section 7, page 280; 6 R.C.L. (P.S.) section 7, page 3956; 50 A.L.R. page 43, Anno.; 68 A.L.R. page 110, Anno.; 87 A.L.R. 1211, Anno.; 101 A.L.R. 690.

No case is cited, nor has our search revealed one in which it has been held that the right of action for a declaratory judgment is a substitute for an appeal. The nature, history and purpose of the action indicate that the remedy provided is not a substitute for an appeal, and is cumulative rather than exclusive. There is nothing in the Act here involved to indicate a legislative intent that the remedy provided for therein is exclusive. We hold, therefore, that it is merely cumulative.

As previously stated, this proceeding is directed at an appeal to the Circuit Court of Mobile County, in Equity, from a final assessment made by the State Department of Revenue against the Southern Kraft Corporation under and by virtue of the Use Tax Act. General Acts 1939, page 96. The appeal was taken in conformity with section 103 of the Act of 1935, page 307, as amended by Acts 1936, special session, page 172. The pertinent provisions of section 103, supra, are as follows:

"If any taxpayer against whom an assessment is made by the State Tax Commission under any assessment required by law to be made by the State Tax Commission, is dissatisfied with the final assessment as fixed by the said State Tax Commission, he may appeal from said final assessment to the Circuit Court of Montgomery County sitting in Equity, or, in cases other than public utilities, to the Circuit Court of the County in which the taxpayer resides if the taxpayer has within the State a permanent residence."

The material inquiry then is whether the Southern Kraft Corporation had, or could have a permanent residence in Alabama within the purview of said section 103, supra, since it is a foreign corporation, and whether or not the legislature intended to include foreign corporations in granting to the taxpayer the right to appeal to the circuit court of the county of his or its residence if he or it has within the State a permanent residence. It appears to be conceded that if a foreign corporation can have a permanent residence in Alabama within the contemplation of section 103, supra, Southern Kraft Corporation has such a residence.

The federal courts have more often defined the legal residence of a foreign corporation, since usually it is connected with a federal question, and our statutes using a term defined by the federal courts will ordinarily be considered as having adopted the meaning given to it by the federal courts, if consistent with our conception of its true meaning.

In aid of a solution of the questions here presented, a review of some of the authorities touching the taxation of the intangibles of a foreign corporation is helpful. By a fiction they follow the owner wherever he shall reside. In the case of Wheeling Steel Corporation v. Fox, 298 U.S. 193, 56 S.Ct. 773, 776, 80 L.Ed. 1143, the Court speaking through Chief Justice Hughes said:

"When we deal with intangible property, such as credits and choses in action generally, we encounter the difficulty that by reason of the absence of physical characteristics they have no situs in the physical sense, but have the situs attributable to them in legal conception. Accordingly we have held that a state may properly apply the rule mobilia sequuntur personam and treat them as localized at the owner's domicile for purposes of taxation. * * *

"The corporation complied with the laws of the state of its creation in designating its 'principal' office in that state. It is manifest that this designation, while presumably sufficient for the purpose was a technical one and that the office is not a principal office so far as the actual conduct of business is concerned. While a duplicate stock ledger and records of transactions with respect to capital stock are maintained in Delaware, the business operations of the corporation are conducted outside that state. The office in Delaware is maintained through the service of an agency organized to furnish that convenience to corporations of that description. To attribute to Delaware, merely as the chartering state, the credits arising in the course of business established in another state, and to deny to the latter the power to tax such credits upon the ground that it violates due process to treat the credits as within its jurisdiction, is to make a legal fiction dominate realities in a fashion quite as extreme as that which would attribute to the chartering state all the tangible possessions of the

Corporation without regard to their actual location. * * *

"The corporation established in West Virginia what has aptly been termed a 'commercial domicile.' It maintains its general business offices at Wheeling and there it keeps its books and accounting records. There its directors hold their meetings and its officers conduct the affairs of the corporation. There, as appellant's counsel well says, 'the management functioned.' The corporation has manufacturing plants and sales offices in other states. But what is done at those plants and offices is determined and controlled from the center of authority at Wheeling. The corporation has made that the actual seat of its corporate government."

This Court in the case of State v. Southern Natural Gas Co., 233 Ala. 81, 170 So. 178, 190, held that the franchise tax there exacted "is not on any basis a tax on business or a burden on the corporation's interstate commerce, but is laid on the exercise of corporate functions * * * within the state and its employment of its capital in Alabama, domiciled at its office in Birmingham within this state. The control of the business in all of its aspects was in Birmingham, as shown by the statement of facts."

For the purpose of taxing the intangibles of a corporation which have been created and become a part of its local business outside of the state of its creation, the courts have said that the foreign corporation has a "business situs" or a "commercial domicile" in the state where it is doing business and in which the intangibles were created and exist. See First Bank Stock Corporation v. State of Minnesota, 301 U.S. 234, 57 S.Ct. 677, 81 L.Ed. 1061, 113 A.L.R. 228.

While it is true that if the term "resident" relates to legal domicile, a foreign corporation is a resident only of the state of its incorporation, but the term is not universally used in this sense. Many decisions, including a number of courts which approve the foregoing rule as technically correct and frequently controlling, support the view that for certain purposes at least a practical residence within the jurisdiction may be considered apart from the legal residence or domicile of the corporation, and that "foreign corporation" and "non-resident corporation" are not necessarily synonymous terms. According to this view, a foreign corpora-

tion may so establish its business within the state in conformity with the local laws as to justify treatment as a resident for certain purposes, and whether or not a foreign corporation can be deemed to have acquired a residence in the local jurisdiction, other than that of its incorporation, depends upon the connection in which the question arises. International Milling Co. v. Columbia Transp. Co., 292 U.S. 511, 54 S.Ct. 797, 78 L.Ed. 1396; 23 Am.Jur. pages 46-47-49, section 34, note 15, section 36, note 6, section 37; 13 Am.Jur. 281, section 148; 20 Corpus Juris Secundum, Corporations, § 1794, p. 18, note 78; 14-A Corpus Juris 1226, note 12.

From the record before us, it follows as our opinion that the Southern Kraft Corporation is a permanent resident of Alabama for any purpose which does not abridge a federal grant to it as a foreign corporation.

We need not cite authority to the proposition that statutes should be construed according to the manifest purpose and intention of the lawmakers, and such purpose should not be defeated by narrow construction based upon nice distinctions in the meaning of words.

It is to be noted that section 103, supra, is a revision of section 73 of the General Revenue Act of 1927, page 185. Section 73, supra, provided for appeals from the State Tax Commission in favor of any owner of such property. The appeal was to the Circuit Court of Montgomery County, in Equity. Section 103, supra, provides for appeals by any taxpayer from an assessment made by the State Tax Commission, when required to be so made by law. It is in that feature of the Act which creates the State Tax Commission and describes its powers and procedure. And it is to be observed that section 103, supra, makes provision for appeal, except in case of an appeal by the State or public utilities to a court other than the Circuit Court of Montgomery County. That is to say, at the option of the taxpayer he or it may appeal to the circuit court of the county in which the taxpayer resides, if the taxpayer has within the State a permanent residence. The senate and house journals reveal that, as section 103, supra, passed the house, it was provided that appeals by a foreign corporation shall be to the Circuit Court of Montgomery County, Alabama, in equity, and that by amendment section 103, supra, was changed to its present form.

310

■ This evinces a legislative purpose not to confine all appeals by foreign corporations from assessments made by the State Tax Commission (now the State Department of Revenue) to the Circuit Court of Montgomery County, in Equity.

■ It therefore follows that the Southern Kraft Corporation had the option or election of appealing to the Circuit Court of Mobile County, in Equity, or to the Circuit Court of Montgomery County, in Equity.

The writ of prohibition and the peremptory writ of mandamus are denied.

GARDNER, C. J., and THOMAS, BROWN, and FOSTER, JJ., concur.

BOULDIN, J., dissents for the reasons stated in his limited concurrence in the case of Jackson Securities Company v. State, ante, p. 288, 2 So.2d 760, this day decided.