18 So.2d 394
**AVERY FREIGHT LINES, Inc., v. WHITE
et al.**
**3 Div. 411.**

Supreme Court of Alabama.
April 20, 1944.

Rehearing Denied June 22, 1944.

Wm. N. McQueen, Acting Atty. Gen., Forman Smith, Asst. Atty. Gen., and Bowers, Dixon & Dunn, of Birmingham, for appellees.

Pritchard, Aird & Fox and James W. Aird, all of Birmingham, and Hill, Hill, Whiting & Rives and Richard T. Rives, all of Montgomery, for appellant.

620

BOULDIN, Justice.

Avery Freight Lines, Inc., filed its complaint against the members of the Alabama Public Service Commission in the Circuit Court of Montgomery County seeking a declaratory judgment with further relief by mandamus or prohibition, if necessary. The defendants and certain intervening carriers filed demurrers going to the sufficiency of the complaint to make a case for declaratory judgment. These demurrers were sustained by the trial court. Because of such adverse ruling, the plaintiff took a non-suit and appeals.

The case made by the complaint and exhibits thereto may be summed up as follows: On August 22, 1940, the plaintiff, hereafter called the carrier, obtained a permit from the Judge of Probate of Mobile County under the law then in force, giving the carrier the right to operate as an irregular common carrier of freight by motor vehicle over all the roads of the State of Alabama and was operating thereunder when the Motor Carrier Act of 1939 became affective. After it became effective and within the time specified therein, the carrier made application to the Public

Service Commission for a certificate of public convenience and necessity under what is known as the "grandfather clause" of § 8 of the Act of 1939, p. 1069, now § 301(8), Title 48 of the Code, Pocket Part. This application sought a certificate authorizing the carrier to operate over certain specified regular routes and highways and between specified points in Alabama over irregular routes on specified highways. Upon the hearing of this application the Commission, on July 8, 1941, denied the same.

The carrier appealed from said order to the Circuit Court of Mobile County under the provisions of § 27 of the Act of 1939, now § 301(27), Title 48 of the Code, Pocket Part.

The appeal coming on to be heard September 30, 1941, the Circuit Court of Mobile County entered its judgment or decree, in pertinent part as follows: "* * * the Court having considered all of the evidence certified by the said Alabama Public Service Commission, being all of the evidence in the cause, and the cause having been argued at length by the respective parties and the Court understanding the evidence and the issues presented, is of the opinion that the findings of facts as set forth in the report of the Commission, including the finding that, 'Immediately after applicant took over these operations, it commenced a more extensive service. It operated some of its equipment as a common carrier over regular routes, though it had no proper authority to do so, and knew at the time it did not have such authority,' did not warrant the Commission in entering its order denying applicant 'Grandfather' rights. The Court is further of the opinion that the Commission erred to the prejudice of appellant's substantial rights in its application of the law to such facts, and that said order here appealed from should be modified to the extent herein provided, wherefore it is by the Court:

"Ordered, Adjudged and Decreed, as follows, the order entered by the Alabama Public Service Commission dated July 8th, 1941, in this matter is modified to provide that the applicant, Appellant, Avery Freight Lines, Inc. is entitled under the provisions of the Alabama Motor Carrier Act of 1939 and more specially Tit. 48, Paragraph 301(8) Code of Alabama 1940, to have a certificate of convenience and necessity under the proof and petition

heretofore filed with the Alabama Public Service Commission, to operate as an irregular common carrier to the extent provided in the motor carrier permit issued to the appellant by Honorable Matt A. Boykin, Judge of Probate of Mobile County, Alabama, on the 22nd day of August, 1940, which gave and allowed applicant, appellant, here the right to operate as an irregular common carrier of property on all roads in the State of Alabama.

"The said order of the Commission is hereby further amended to provide that the Avery Freight Lines, Inc., appellant, may continue the operation of its said business as an irregular common carrier of property on all roads in the State of Alabama."

An appeal was prosecuted from this judgment or decree to this court, which was later dismissed by appellant and the aforestated judgment still stands not reversed or otherwise vacated.

Pending the appeal in this court, the Commission, having denied a certificate under the grandfather clause, did, on further application, issue a limited certificate of public convenience and necessity, No. 432, authorizing the carrier to operate between Mobile and Birmingham and intermediate points over Alabama Highway No. 5. After the rendition of the judgment on appeal by the Mobile Circuit Court, the carrier continued to operate as an irregular common carrier on all the roads in the state. It is alleged that the carrier requested a certificate issued pursuant to the decree of the Circuit Court of Mobile and the same had been denied; the Commission claiming the carrier had no legal rights other than those conferred by Certificate No. 432.

Thus matters continued until the 29th of March, 1943, when the Public Service Commission issued to the carrier a citation reciting that the Commission was informed that the carrier was operating between named points not authorized by Certificate No. 432, and ordering the carrier to appear and show cause why its Limited Certificate No. 432 should not be suspended or revoked because the carrier had failed to comply with the provisions of the Motor Carrier Act of 1939, or with any lawful order, rule or regulation of the Commission, or with any term, condition, or limitation of said Certificate No. 432. This citation contained an order to the carrier to "cease from and discontinue immediately the transportation of property by motor vehicle as a common carrier other than as authorized in Certificate of Public Convenience and Necessity No. 432 and over the route specified in said certificate."

Pending the hearing pursuant to this citation, the complaint in the Circuit Court of Montgomery County was filed, in which the carrier "prays for a declaratory judgment or decree declaring its rights, status and legal relations with respect to the matters herein set forth, and declaring and settling that the said Avery Freight Lines, Inc. has the right and privilege to operate as an irregular common carrier of property on all roads in the State of Alabama in accordance with the terms of the decree of the Circuit Court of Mobile County, in Equity," and "prays for supplemental relief or other different relief and prays that this Honorable Court may issue a writ of mandamus commanding the defendants and each of them to issue to said Avery Freight Lines, Inc., a Certificate of Public Convenience and Necessity in accordance with the terms of the said decree of the Circuit Court of Mobile County, in Equity, and may further, if necessary, or proper, issue to the said defendants its writ of prohibition prohibiting the said defendants, and each of them, from suspending or revoking the said Certificate of Public Convenience and Necessity No. 432 on account of or because of the transportation by said Avery Freight Lines, Inc. of commodities in accordance with the terms of the said decree of the Circuit Court of Mobile County, in equity."

The parties on appeal concur in the view that the primary question is whether the complaint presents a case invoking the jurisdiction of the court, presents a justiciable issue calling for a declaration under the Uniform Declaratory Judgment Statute of Alabama.

The Motor Carrier Act of 1939, approved July 5, 1940, and effective ninety days thereafter, was a comprehensive statute, original in form, recasting in much the laws relating to common carriers by motor vehicle over the public highways of the state, and their supervision by the Alabama Public Service Commission.

§ 8, now § 301(8), Title 48 of the Code, Pocket Part, known as the "grandfather clause," so far as here pertinent, reads:

"A. Except as otherwise provided in this section no common carrier by motor vehicle subject to the provisions of this article

shall engage in intrastate commerce on any highway in this state unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the commission pursuant to the provisions of this article, authorizing such operation; provided, however, * * * if any such carrier of property * * * or predecessor in interest was in bona fide operation as such common carrier of property by motor vehicle prior to the effective date of this article, over the route or routes or within the territory for which application is made and has so operated since that time * * * the commission shall issue such certificate without requiring further proof that public convenience and necessity will be served by such operation, and without further proceedings, if application for such certificate is made to the commission as provided in paragraph B of this section, and within one hundred twenty days after this section shall take effect. * * * B. Application for certificates shall be made in writing to the commission, be verified under oath and shall be in such form and contain such information and be accompanied by proof of service of notice thereof upon such interested parties as the commission shall, by regulation require; * * *."

To begin with, this statute forbids engaging in business as a common carrier of freight by motor vehicle over the highways between points within the state without a franchise, termed a certificate of public convenience and necessity, issued by the Public Service Commission, the State agency created and vested with the powers conferred by statute for the regulation of public utilities.

In recognition of the rights of a carrier then engaged in such business bona fide by virtue of a franchise granted under prior existing law, such carrier is given a priority in right to continue in the business authorized by its existing franchise for a limited time to qualify under the new law by making a proper application in writing under oath, and upon a hearing, disclosing such priority in right, have issued a certificate of convenience and necessity authorizing the carrier to continue in like operations so far as specified in such application. Such franchise to issue without the showing required under § 301(9) by a carrier applying anew for such franchise.

■ To a carrier who has incurred the outlays for proper equipment, complied with the regulations touching freight rates, giving the security for the protection of customers and the general public on the highways, complied with other lawful regulations, and built up a going business, this priority is a valuable right, a qualified property right. 43 Am.Jur. p. 582, §§ 17, 18. An actual controversy between the carrier and the Commission touching the right of the carrier to such priority is a substantial controversy.

The complaint or petition for declaratory judgment in this cause and exhibits thereto taken as true on demurrer quite clearly disclose the main controversy between the carrier and the Commission grows out of conflicting views touching the validity and effect of the judgment or decree of the Circuit Court of Mobile County above noted. That decree was rendered upon appeal governed by Code, Title 48, § 82, which reads:

"Proceedings on appeal.—The commission's order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court except as to fraud or misconduct of some person engaged in the administration of this title and affecting the order, ruling or award appealed from, but the court shall otherwise hear the case upon the certified record and shall set aside the order if the court finds that: the commission erred to the prejudice of appellant's substantial rights in its application of the law; or, the order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence. Provided, however, the court may, instead of setting aside the order, remand the case to the commission for further proceedings in conformity with the direction of the court. The court may, in advance of judgment and upon a sufficient showing, remand the cause to the commission for the purpose of taking additional testimony or other proceedings."

■ The construction of this statute is one of the functions of the court in a declaratory judgment suit where the legal rights of parties turn on its proper construction. Code, Title 7, § 157. For present purposes it will suffice to say the appeal so provided is to bring the entire record of proceedings of the Commission before

a judicial tribunal of general jurisdiction for review upon questions of law—whether the administrative body has erred to the prejudice of appellant in the application of the law to the case in hand; or whether its order was based on findings of facts "contrary to the substantial weight of the evidence." The judgment upon such appeal is supervisory in character, such as appropriate to the particular case and within the terms of the statute viewed in the light of its intent and purpose.

It is earnestly insisted by appellees on this appeal that the validity and legal effect of the decretal orders of the Circuit Court of Mobile above noted cannot be adjudicated in a declaratory judgment suit. Reliance is had upon decisions and authoritative texts announcing principles broadly stated in 16 Am.Jur. p. 295, § 23, which reads:

"Questions already adjudicated by a court having jurisdiction of the subject matter and the parties cannot thereafter be the subject, between such parties and their privies, of an actual controversy within the meaning of this term in the Declaratory Judgments Act. The act is not intended to be used to elucidate or interpret judicial decrees or judgments already entered or to modify or declare rights thereunder. Hence a declaratory judgment proceeding is not an appropriate method of obtaining the vacation of a judgment; and it would be entirely beyond the purpose and scope of the statute as well as contrary to fundamental principles for a court to attempt, in such a proceeding, to review and determine the validity of a judgment of a court of co-ordinate jurisdiction. Under some exceptional circumstances, however, declarations have been made as to matters which might have been adjudicated in a previous proceeding."

■ Quite clearly a declaratory judgment cannot serve the purpose of an appeal to reverse or modify such former judgment for such errors as are reviewable only on appeal. Borchard, 2d Ed., p. 355. But the same text, page 256, declares:

"But this does not mean that when an earlier adjudication is the source of rights or contest, when it is unclear or ambiguous, or when there is a question whether it is a judgment at all, its legal effects and construction cannot be placed in issue."

See also 42 Am.Jur. pp. 576 et seq.

Without any effort on our part to set the stakes and boundaries of the legal principles declared in these authorities, we declare, on principles fundamental in the law, that all courts, when occasion arises, do determine the legal effect, the conclusiveness, vel non, of former judgments of the court itself, or of any court of co-ordinate jurisdiction, where a pending suit involves issues already adjudicated between the same parties on the same subject matter. Such former judgment, remaining unreversed or otherwise vacated, becomes the law of the case in hand. The conclusiveness of judgments, res adjudicata, is the theme of decisions and textwriters in vast array. Without it, how could parties assert their rights already adjudicated?

■■ In dealing with res adjudicata the court wherein it is asserted must needs consider questions of the jurisdiction of the court culminating in the former judgment. Jurisdiction involves the presence of the same parties, issues presenting the same subject matter, the res; and whether the character of the judgment rendered was of a class within the scope of the powers of the court. Want of jurisdiction may be raised on collateral attack.

■ Given a case otherwise within jurisdiction of the court for a declaratory judgment, we hold the court, in such case, can consider the validity and legal effect of a former judgment or decree upon the issues presented in the pending cause. This is not an enlargement of the jurisdiction of the court in such causes, but an exercise of a jurisdiction common to all actions where a question of res adjudicata arises. It is not the usurpation of jurisdiction in a cause pending in another jurisdiction, nor is it intruding into the field of enforcing the decrees of another court still entitled to direct the enforcement of its decrees. So far as here appears, the decretal orders of the Mobile Court were final, had passed beyond its own control. That court had spoken its final word. It could only deal with its judgment upon grounds which any court of co-ordinate jurisdiction could deal with it.

§ 167 of our Declaratory Judgment Statute (Title 7 of the Code) reads:

"This article is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respects to rights, status, and other legal relations; and it is to be liberally construed * * * as to effectuate its general purpose to make uniform the law of those

states which enact it, and to harmonize, as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees."

Dealing with the Federal Declaratory Judgment Law, Jud.Code § 274d, 28 U.S.C. A. § 400, two appellate courts have held: "A real and substantial controversy over the effect of a judgment presents a ground for relief under the Declaratory Judgment Act." Ætna Life Ins. Co. v. Martin, 8 Cir., 108 F.2d 824, 826; Board of Commissioners, etc., v. Cockrell, 5 Cir., 91 F.2d 412. See Bond v. Avondale Baptist Church, 239 Ala. 366, 194 So. 833.

Again, the point is made that the carrier may set up the decrees of the Mobile Circuit Court in the pending proceeding before the Commission, have its validity and effect passed upon by the Commission, and its order reviewed on appeal to the Circuit Court and finally by this court.

■ The Public Service Commission is primarily an administrative body, charged with the high duty and responsibility of regulating public utilities. To that end, it is vested with authority and powers defined by statute, including the power to make regulations within the powers conferred. In the exercise of its supervisory or executive powers over public utilities it possesses quasi-legislative powers, such as rate making, the granting of franchises, etc.; also quasi-judicial powers, as a fact-finding body on hearings in which parties in interest may present evidence and have a hearing. The quasi-judicial functions are incidental to and in aid of the proper exercise of the regulatory powers for which the Commission has its being.

Such proceedings are subject to judicial review in the manner and for the purposes defined by statute as hereinabove noted. Assuming for the present that the decree of the Mobile Court may be set up as a defense in the pending proceeding before the Commission and its effect passed on by the Commission subject to review by the courts, what follows?

The carrier is thus required to pursue a circuitous route involving repeated hearings and proceedings.

The Commission is required to pass upon a controversy between itself and the carrier touching the effect of a decree of a court vested with the power to review and supervise its orders; and which

decree in form above set out had declared the rights of this carrier to a franchise to engage in a specified line of business.

In the order to show cause the Commission had already forbidden the carrier to further engage in a line of business which the court decree had declared to be its right.

To impose on the Commission an administrative body the duty to pass judgment upon the validity and effect of the decree of the Mobile Circuit Court in the circumstances does not address itself to the judicial mind as sound judicial policy.

A well-known field of jurisdiction under the Declaratory Judgment Law is the adjudication of legal rights in controversy between the citizen and public officials, including members of administrative agencies, in advance of threatened and erroneous action to the injury of the party plaintiff. Scott v. Alabama State Bridge Corporation, 233 Ala. 12, 169 So. 273; Thompson v. Chilton County, 236 Ala. 142, 181 So. 701; Lang v. City of Mobile, 239 Ala. 331, 195 So. 248; Curry v. Woodstock Slag Corporation, 242 Ala. 379, 6 So.2d 479; State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So.2d 342; Ex parte State ex rel. Lawson, 241 Ala. 304, 2 So.2d 765, and authorities cited; Borchard, 2d Ed., p. 875.

■ We hold these principles applicable here. We think this not a case of judicial interference in matters committed by law to the Commission, but a case for adjudicating, as between the Commission and the plaintiff, the legal rights of the plaintiff under the decree of the Mobile Court. This, in turn, involves a construction of that decree, a determination whether it is void in toto or in part; whether errors in that decree, if any, were errors reviewable only on appeal, or were jurisdictional; to what extent, if any, the decree was without the jurisdiction of the court and void; and, finally, what rights, if any, were adjudicated.

These questions are not now before this court for an adjudication. The respondents are entitled to answer the complaint before a declaratory judgment can be entered in the trial court, and the province of this court on appeal from such judgment is to review the declaratory judgment entered by the trial court.

■ Nothing in the present record discloses an estoppel of plaintiff in the asser-

tion of legal rights under the Mobile decree growing out of the issuance of Limited Franchise 432, or otherwise. Matters in estoppel, if any, should be set up by answer.

The court erred in sustaining the demurrers interposed. This decree is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.

On Rehearing

PER CURIAM.

Application for rehearing overruled.

GARDNER, C. J., and THOMAS, FOSTER, LIVINGSTON, STAKELY, and SIMPSON, JJ., concur.

BROWN, J., dissents.