147 So.2d 476

**GLENS FALLS INDEMNITY COMPANY**

v.

**Shirley Elizabeth BOUTWELL et al.**

**6 Div. 706.**

Supreme Court of Alabama.

Oct. 18, 1962.

Rehearing Denied Dec. 20, 1962.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Higgins, Windham, Perdue & Johnson, Birmingham, for appellees.

SIMPSON, Justice.

This case is on appeal from a decree overruling appellant's demurrer to the bill of complaint. Prior proceedings complicate just what is here involved. We quote the trial court's decree at length since it gives a lucid recital of the matter and impresses us as being correct:

"This cause was heretofore argued and submitted upon the separate demurrers of respondents, Glens Falls Indemnity Company, a corporation, and Liberty Mutual Insurance Company, a corporation, to the bill of complaint as amended. [Liberty Mutual does not participate in this appeal.]

"Some recapitulation of prior proceedings is in order. In 1953 there was rendered in the Supreme Court of Alabama an opinion and judgment affirming a decree of this court declaring noncoverage of the truck then and now involved. Trammell vs. Glens Falls In-

demnity Company, 259 Ala. 430, 66 So. 2d 537. One Trammell was named insured in a Glens· Falls Liability policy, and owned the truck driven by one Robbins who participated in an accident causing the death of A. D. Boutwell. Trammell was complainant at nisi prius seeking declaration of coverage. Apparently Mrs. Boutwell, widow of decedent, was also a party and participated in the appeal as an appellant along with Liberty Mutual Insurance Company. Glens Falls Indemnity Company, a corporation, was appellee. There was pending a suit at law under the workmen's compensation act. The driver having been killed in an accident arising out of and in the course of his services as employee of McKesson and Robbins. The Liberty Mutual Insurance Company was the employer company's insurance carrier and was then paying compensation to the widow and minors. This suit at law was commenced by Liberty Mutual Insurance Company against Trammell and Robbins for the benefit of Mrs. Boutwell and two named minor children of deceased, who are Shirley Elizabeth Boutwell and James Allen Boutwell suing by their mother and next friend, Mrs. A. D. Boutwell in the instant bill. Mrs. Boutwell appears in the instant proceedings only in the capacity of pro ami for said children who are the only beneficial complainants in the instant suit. This workmen's compensation action was commenced after the filing of the first bill in equity to obtain declaration of non-liability; but, prior to the actual filing of that bill, Mrs. Boutwell had an asserted claim against Trammell and Glens Falls for damages for wrongful death. The complaint at law was put in evidence in the hearing of the first declaratory judgment case and that complaint shows that the action was for the benefit not only of Mrs. Boutwell but of the two minor children.

"Against the insistence of appellants that the minor children were necessary parties to the declaratory judgment, the Court both in the original opinion, and more extensively in that on the rehearing, clearly held that the justiciable controversy was sufficiently presented as between Glens Falls Indemnity Company, as complainant, Trammell, Robbins, Mrs. Boutwell and Liberty Mutual as respondents, no mention being made of any minors or other dependent children in the pleadings, consisting of bill, and answers and with no demurrer taking the point. The amended bill alleged Liberty Mutual to be in the course of paying workmen's compensation to Mrs. Boutwell, becoming thereby subrogated to certain rights against Trammell and Robbins and was attempting to collect from Trammell, Robbins and Glens Falls all benefits it has· paid or will pay to Mrs. Boutwell. No· notice of the non-joinder of the children in the first declaratory judgment was taken, and it was apparently simply made the subject of assignment of error without going specifically to any ruling of the court. It was held *that upon a proper showing the Court must require an interested person to be made a party,* but that a mere non-appearance of such a party does not render such declaration void if the justiciable controversy was otherwise adequately presented between other interested parties, and emphasis was placed upon the provision of the Declaratory Judgment Act that 'no declaration shall prejudice the rights of persons not parties to the proceeding.'

"In August 1955, the minors, Shirley Elizabeth and James Allen, by their pro ami, Mrs. Boutwell commenced suit against Glens Falls at law claiming $10,000.00 on the liability policy for the death of Mr. Boutwell. This was law docket No. 34805–X. This complaint referred to an action at law brought in 1950 against Trammell and Robbins for

the wrongful death of Mr. Boutwell docketed as No. 22633–X, and alleged that upon trial in 1954, judgment was rendered in favor of 'the plaintiff' for $80,000.00 and costs, with motion for new trial denied. That complaint further alleged said judgment to remain unpaid with return of no property and that plaintiffs were entitled to recover from 'the defendant' Glens Falls the sum of $10,000.00.

"In October 1950, there had been commenced an action at law filed by Liberty Mutual suing for its benefit and for the benefit of Mrs. Allen Boutwell, widow of Mr. A. D. Boutwell, deceased, and Shirley Elizabeth Boutwell and James Allen Boutwell, his dependent children within the meaning of the workmen's compensation act. Trammell, Robbins and John Doe were made parties defendant, the plaintiff, Liberty Mutual claiming $80,000.00 as insurance carrier for McKesson and Robbins against claims of its employees under the Workmen's Compensation Act, that Boutwell's injuries arose out of, etc., as an employee of such insured, and that Mrs. Boutwell had elected to claim from said employer workmen's compensation, and that Liberty Mutual has paid, and is now paying such benefits to Mrs. Boutwell for her benefit and that of the children to the extent of $21.00 per week for three hundred weeks. That complainant invoked Section 312, Title 25 [sic, Tit. 26], 1940 Code, alleging Liberty Mutual to be authorized to hold the excess of said recovery in trust for said dependents, and then alleged an actionable wrongful death.

"In this action at law numbered 34805–X, the defendant Glens Falls interposed demurrers to the complaint of the minors, and in an amended demurrer took the point that the only right to recovery is vested in the plaintiff in number 22633–X, Liberty Mutual Insurance Company, it not appearing that such right of recovery has ever passed out of Liberty Mutual, that the holding of non-coverage in the Supreme Court constitutes stare decisis if not res judicata and nothing was alleged to show any reason of 'dispensing with the necessity of bringing this action in the name of Liberty Mutual'—. An additional amendment to the demurrer particularized to a greater extent. Upon hearing of the demurrer as amended, it was sustained and the complaint amended to emphasize plaintiffs' contention that they were the sole parties in interest.

"In August, 1959, the Circuit Court at Law, per Huey, J., ascertained that the judgment creditor, Liberty Mutual in No. 22633–X, was not a party to the then instant action at law, that it must be made a party, and that such could be accomplished only in Equity, that an equitable question was presented and thereupon ordered the same transferred from law to equity. This brings us to the instant bill.

"By decree of merger this transferred cause is now numbered 116–331 upon the docket of the Register in Chancery. In the bill of complaint filed after transfer, the minors are still suing with Mrs. Boutwell merely in the capacity of pro ami claiming of Glens Falls the sum of $10,000.00. Death by wrongful act is alleged with the Ford truck described in the policy being operated by Robbins with permission of Trammell the named insured. * * *

"Recovery of the judgment for the sum of $80,000.00, with non-payment, etc. is recited. The instant bill also discloses the filing of the first declaratory judgment proceeding (No. 79535) on this Equity docket, and the decision adverse to Liberty Mutual and Mrs. Boutwell as set forth in the aforesaid judgment of the Circuit Court. The instant bill goes on to allege that the minors are now the sole parties in interest and now entitled to the entire

proceeds of any judgment that may be rendered against Glens Falls and that their rights to now claim under the insurance policy have not been adjudicated though the rights of Mrs. Boutwell and Liberty Mutual Insurance Company have been adjudicated.

"The Court considers the averments of paragraph 9 to be the assence of the case and it is there averred that Liberty Mutual has no interest in the proceeds of any judgment that may be procured in the instant case and that said company has failed or refused to collect or attempt to collect the monies which are justly due the minor‧ children complainants from Glens Falls 'wherefore, said Liberty Mutual Insurance Company, a corporation, is named as a party respondent herein.'

"The prayer merely is that Liberty Mutual be made a party respondent and that upon final hearing for an adjudication that the two minor children complainants are entitled to a $10,000.00 judgment against Glens Falls, etc. Glens Falls has answered without prejudice to its demurrer heretofore interposed. An amendment to the bill alleges that Liberty Mutual as plaintiff in law docket number 22633–X has failed and refused to attempt to collect the monies justly due the minor plaintiffs 'from this defendant'. This being somewhat repetitious of paragraph '9' of the original bill.

"The demurrer of Glens Falls takes some of the points that its amended demurrer took on the law side. The demurrer of respondent Liberty Mutual 'in its own behalf' is on very general grounds.

■ "The Court has tried to give careful consideration to all these rather complex proceedings, contentions and cross-claims unaided by any briefs elucidating the questions of subrogation of a compensation insurance carrier to the proceeds of all or part of a general liability policy under circumstances such as those surrounding the death of Mr. Boutwell, and to its correlative duties as subrogee and trustee. However, it seems clear enough that another justiciable controversy is present, and it is rather clear that the prior declaratory decrees of both this court and of the Supreme Court are without prejudice to the rights of the two present complainants, the phrase 'without prejudice' meaning that it is neither res judicata nor stare decisis.

■ "Though the instant bill is certainly far from explicit as to the precise theory of relief, if any, sought against Liberty Mutual, nevertheless the Court is of the opinion that the oft-cited rule of [City of] Bessemer Theaters vs. Bessemer [252 Ala. 117, 39 So.2d 658] is due to be applied, and no declaration should be made upon demurrer, but rather that the evidence be heard and final decree rendered thereon.

"It is therefore, ORDERED, ADJUDGED AND DECREED by the Court that the separate demurrers of the respondent, Liberty Mutual Insurance Company, a corporation, to the bill of complaint as amended be, and they are hereby separately and severally overruled, and respondent, Liberty Mutual Insurance Company, is allowed twenty days * * *", etc.

■ Substantially all the argument advanced by counsel for appellant for reversal is based upon their contention that the decision of this court in Trammell v. Glens Falls Indemnity Co., supra, is res judicata or otherwise a bar to the right of recovery sought in the instant case. We must agree with the trial court. It seems to us that our decision in the Trammell case unequivocally settled this point. There we specifically noted that a decision in a suit for declaratory judgment cannot prejudice

the rights of persons who are not parties to the proceedings. These appellees were not parties. They cannot, therefore, be bound by the decree rendered therein. This is precisely what the statute provides. Title 7, § 166, Code 1940; Trammell case, supra.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.