260 So.2d 382

**J. H. HILTON et al.**

**v.**

**The HALEYVILLE HOUSING AUTHORITY, a Municipal Corp.**

**6 Div. 841.**

Supreme Court of Alabama.

April 6, 1972.

Carlton Mayhall, Jr., and Jerry W. Jackson, Haleyville, for appellants.

Walter Joe James, Jr., Haleyville, for appellee.

COLEMAN, Justice.

The respondents appeal from an adverse final decree in suit for declaratory judgment.

In amended bill of complaint, complainant states that it seeks a declaration of rights arising out of a written offer of sale of land executed by respondents and the subsequent repudiation thereof by respondents after said offer was accepted by complainant and "then the subsequent condemnation of the property therein described by the complaint in the Probate Court of Winston County, Alabama. Complainant alleges that the written Offer of Sale contained an erroneous description inserted therein by mutual mistake of the parties and seeks reformation of said instrument. Complainant also seeks to enforce the Offer of Sale of the said land at the agreed price and expressly paragraph 5 thereof stipulating the purchase price agreed to in said Offer of Sale to be the fair, market value of said premises."

Complainant further avers that on May 15, 1968, respondents executed the offer of sale, copy of which is made an exhibit to the bill; that the offer of sale contains an erroneous description of the property on account of a mutual mistake of the parties thereto; that a few months after the offer of sale was signed by the parties thereto, it was discovered that the description was in error; that on January 22, 1969, complainant accepted the offer of sale; that respondents refused to honor said offer of sale at the agreed price of $25,000.00.

Complainant avers that on April 18, 1969, complainant filed a proceeding in the probate court seeking to condemn said lands; that the probate court granted the petition for condemnation and appointed commissioners to assess the damages respondents would sustain; that the commissioners set the compenation due respondents at $37,-500.00, and the probate court, on July 15, 1969, entered a final decree wherein said property was condemned, granted, and awarded to complainant; that, subsequent to the final decree, complainant paid into court the damages and compensation assessed by the commissioners, and gave notice of appeal to the circuit court; and that "The said condemnation action is now pending on appeal in the Circuit Court of Winston County, Alabama."

Complainant alleges that paragraph 5 of said offer of sale recites as follows:

" '5. Notwithstanding the prior acceptance of this offer, the Local Authority in lieu of completing the purchase of said premises may, at any time prior to closing, proceed to acquire the same by condemnation. The seller agrees, as an independent stipulation, which shall survive the expiration or termination of this offer, to such condemnation upon the payment of just compensation, which shall be the purchase price stated in paragraph 3 hereof as adjusted for the proration of current taxes and assessments, which price the seller hereby declares to be the fair market value of said premises, inclusive of every interest therein not specifically excepted in paragraph 1 hereof.' "

Complainant prays for decree stating that the offer of sale is a valid obligation on the part of respondents to sell to complainant for $25,000.00; that the court will reform the offer of sale to correct the alleged error in description of the land; that respondents are bound by said agreement as to the amount of damages and compensation "and are not entitled to have such matters independently determined in the condemnation action now pending in the Circuit Court of Winston County, Alabama"; and for general relief.

Respondents demurred to the bill of complaint on grounds, among others, as follows:

"7. It affirmatively appears that complainant elected to proceed in condemnation in lieu of this action.

". . . . . . . . . . . . . .

"9. It affirmatively appears that complainant abandoned its rights under said alleged Offer of Sale by filing suit in Probate Court to condemn said property and take it for the amount of compensation awarded respondents Hilton by the commissioners appointed by the Probate Court, or for the amount of compensation which might be awarded to them by the Circuit Court, rather than by seeking specific performance of the alleged Offer of Sale in this Court.

". . . . . . . . . . . . . .

"12. It affirmatively appears that there is pending another action in which the respondents and complainant are parties and in which are involved and may be adjudicated the same identical issues that are involved in this action."

The court orally overruled respondents' demurrer and respondents answered averring, among other things, that complainant had waived its right under the offer of sale by filing the condemnation proceeding and has an adequate remedy in the pending condemnation suit in which complainant and respondents are parties and the same issues may be adjudicated.

After a hearing the trial court granted the relief prayed for by complainant. Respondents assign as error the overruling of their demurrer and rendition of the final decree.

Respondents argue that the court erred in rendering the decree appealed from because the complainant is undertaking to make the instant suit a substitute for the appeal in the condemnation case. This court has said with respect to a proceeding for declaratory judgment:

"It is fundamental that this type of proceeding cannot be used as a substitute for an appeal, Ex parte State ex rel. Lawson, 241 Ala. 304[3], 2 So.2d 765; State v. Louis Pizitz Dry Goods Co., 243 Ala. 629[3], 11 So.2d 342 . . . ." Mitchell v. Hammond, 252 Ala. 81, 83, 39 So.2d 582, 583.

". . . . However, an action for a declaratory judgment was never intended to be used as a substitute for an appeal. Ex parte State ex rel. Lawson, 241 Ala. 304, 2 So.2d 765; Avery Freight Lines, Inc., v. White, 245 Ala. 618, 18 So.2d 394, 154 A.L.R. 732. . . . ." Howle v. Alabama State Milk Control Board, 265 Ala. 189, 192, 90 So.2d 752, 755.

See also: Sparks v. Brock & Blevins, Inc., 274 Ala. 147, 145 So.2d 844.

Complainant avers in its bill that an appeal from the judgment of the probate court in the condemnation case was pending in the circuit court at the time the instant suit was commenced. Complainant prays in its bill for a decree that respondents are bound by the offer of sale as to the amount of damages and compensation "and are not entitled to have such matters independently determined in the condemnation action now pending . . . ." Clearly, complainant is undertaking to substitute the instant proceeding for the condemnation proceeding to determine the amount due respondents for their land. Under the above cited cases of Mitchell v. Hammond, Howle v. Alabama State Milk

Control Board, and Sparks v. Brock & Blevins, Inc., complainant is not entitled to substitute the instant declaratory proceeding for the pending appeal in the condemnation case.

Respondents say also that complainant is not entitled to maintain the instant suit under the rule that courts will ordinarily refuse to entertain an action for declaratory judgment as to questions which are determinable in a pending action or proceeding between the same parties.

Complainant replies that the Declaratory Judgment Act is remedial and is to be liberally construed and administered; and that the fact that there might be some other adequate remedy to settle the controversy is not a good defense to a declaratory proceeding, citing Alexander City v. Continental Insurance Co., 262 Ala. 515, 80 So.2d 523; and Wolff v. Woodruff, 258 Ala. 1, 61 So.2d 69.

■ Even if it be conceded that complainant would be entitled to maintain this suit if no other suit were pending between these parties, that is not the situation here. Another suit, the condemnation case, is pending between the same parties and involves the same property, and the complainant here seeks to acquire the same land in both cases.

This court has said:

"... . We have never held that after another suit has been begun, if it affords an adequate judicial determination of the question, a suit for a declaratory judgment may supersede it, and withdraw from that suit a decision of the question." Auto Mut. Indemnity Co. v. Moore, 235 Ala. 426, 429, 179 So. 368, 370.

See: Foreman v. Smith, 272 Ala. 624, 133 So.2d 497; and George Moulton, Inc. v. Langan, 285 Ala. 427, 233 So.2d 74.

The amount of compensation due respondents is the real issue in dispute between these parties. Complainant was fully advised of the alleged error in description, but elected to proceed by condemnation. Not being satisfied with the judgment of the probate court, complainant appealed to the circuit court. Complainant alleges that it paid into court the amount of compensation determined by the probate court to be due. The record shows that a bond for $75,000.00 was filed in the probate court by complainant as principal and approved by the judge of probate. The bond recites that complainant desires that the order of condemnation be not suspended pending the appeal in the condemnation case and desires to enter upon said lands pending the appeal. Apparently complainant desired to obtain, and did obtain, possession of the condemned land pending the appeal as provided by Title 19, § 18, Code 1940. In the instant case, the parties stipulated that complainant was in possession of the condemned land under the condemnation statute.

■ Complainant elected to proceed by condemnation. Complainant acquired the right to take the land by condemnation. Complainant paid into court the damages assessed, posted the required bond, and acquired possession of the land by condemnation. Complainant now seeks to supersede the pending condemnation proceedings and have the amount due respondents ascertained by a proceeding for declaratory judgment.

Complainant has obtained possession and dispossessed respondents by the pending condemnation proceeding. Complainant seeks to have the advantage, but not the disadvantage of the condemnation, and to place on respondents the disadvantage of this declaratory proceeding and to deny them the advantage of the condemnation proceeding. We are of opinion that it would be inequitable and contrary to Mitchell v. Hammond, supra, and Foreman v. Smith, supra, and other cases cited above, to allow complainant to supersede the pending condemnation proceeding by the instant suit for declaratory judgment. The final decree is due to be reversed and the bill of complaint dismissed.

■ The ruling of the court upon demurrer to a complaint cannot be reviewed by this court where there is no formal adjudication of same and the action of the trial court is indicated only by the bench notes which fall short of such a judgment or adjudication as required by law. Skidmore v. H. C. Whitmer Co., 221 Ala. 561, 130 So. 194. In reviewing a decree in a proceeding to modify a decree in equity, this court said:

"There was a demurrer to this petition, but we find no ruling on it in the record. The verbal statement by the court does not serve as such. Bertrand v. Taylor, 250 Ala. 15, 32 So.2d 885." Keith v. Paden, 255 Ala. 294, 296, 51 So. 2d 9, 11.

This court has recently said:

"Only a formal adjudication by a court will support an appeal or an assignment of error, and in the absence of such adjudication, we must take judicial notice of such deficiency. . . . ." McGraw v. McGraw, 282 Ala. 7, 8, 208 So.2d 206, 207–208; Dees v. Dees, 285 Ala. 597, 235 So.2d 236.

■ We find no formal adjudication overruling respondents' demurrer and that assignment of error is not reviewable.

Reversed and remanded.

LAWSON, MERRILL, and HARWOOD, JJ., concur.

HEFLIN, C. J., and BLOODWORTH, J., concur in result.

MADDOX and McCALL, JJ., dissent.

BLOODWORTH, Justice (concurring in the result):

I concur only in the result reached by the court as expressed in the majority opinion authored by Justice Coleman.

I must respectfully disagree with the majority's holding that the trial court erred in rendering its decree "because the complainant is undertaking to make the instant suit a substitute for the appeal in the condemnation case." For, I do think there is a field of operation for a declaratory judgment action to reform an "offer of sale" in a proper case, though not in the instant case.

HEFLIN, C. J., concurs.

MADDOX, Justice (dissenting).

The majority has held that the issues raised by the declaratory judgment proceeding could have been litigated in the pending condemnation proceeding. I disagree. The complainant sought reformation of a written instrument, an established ground of equitable jurisdiction [1] and this issue could not be tried in the pending condemnation proceeding.

This lawsuit resulted because the parties disagreed on the amount to which the Hiltons were entitled. The Housing Authority claims that the agreement set the price of the land at $25,000 whether they decided to condemn the property or whether they closed the transaction by getting a deed. The Hiltons, on the other hand, say the Housing Authority abandoned the sales agreement when the condemnation proceeding was filed.

The Housing Authority now will *never* have the benefit of this agreement, which the trial court, after full trial and an opportunity to see the witnesses, determined was valid, binding, and enforceable. Without reformation, the Authority certainly would not be allowed to introduce it in evidence and then attempt to impeach it by showing that it contained a mutual mistake. The landowners will not introduce it, except possibly to show that the Author-

1. Reynolds v. Scott, 257 Ala. 670, 60 So.2d 690 (1952).

ity agreed to pay $25,000 for a *portion* of the property. It is questionable whether the Authority could introduce evidence to show that the description did not contain the entire property, and even if such evidence of a mutual mistake was allowed, the jury could very well find the facts to be different from the findings which the trial judge has already determined. That the parties could agree as to the amount of "just compensation" would seem unquestioned. See Housing Authority v. Title Guarantee Loan & Trust Co., 243 Ala. 157, 8 So.2d 835 (1942), where the parties had agreed that the compensation should be fixed *as of June 1940*. This Court held that it was prejudicial error to refuse a charge that the test of "market value" of the property was what it would have reasonably sold for in the market in *June 1940* and under the conditions then existing.

Appellants, in brief, do not admit that the offer of sale would be admissible in the pending condemnation proceeding. Their position seems to be that by starting condemnation proceedings, the Housing Authority abandoned its rights under the offer of sale.

I think the decree of the trial court is correct in all particulars except that portion which reads as follows:

"That the respondents, J. H. Hilton and Hazel Hilton, are hereby enjoined from the further prosecution of their claim for damages for the condemnation of said property hereinabove described."

As I read the quoted portion of the decree, the trial judge attempted to order a condemnation of the property. He had no authority to grant such relief. However, the erroneous ruling need not work a complete reversal of the decree. cf. AGM Drug Co. of Alabama v. Dobbs, 277 Ala. 493, 172 So.2d 379 (1965). I would affirm the decree of the trial court finding that the offer of sale was a valid and existing obligation on the part of the respondents and that in the event of condemnation, the fair market value of the land would be $25,000.

McCALL, J., concurs.