294 So.2d 436

**Jerry W. TILLMAN**

v.

**Dewey SIBBLES et al., Members of the Board of Policemen's and Fire Fighters Pensions of the City of Mobile.**

**SC 668.**

Supreme Court of Alabama.

May 9, 1974.

James H. Lackey, Mobile, for appellant.

William H. Brigham, Mobile, for appellees.

FAULKNER, Justice.

Jerry W. Tillman, a Mobile, Alabama fireman, filed a petition for a declaratory judgment of his rights regarding a pension provided for in Act No. 243, Acts of Alabama, Special Session, 1964, p. 326. Demurrers were sustained by the trial court. Tillman's appeal arises from a nonsuit taken because of the adverse rulings of the trial court.

■ Tillman does not argue Assignments of Error 1 and 2. They are deemed waived. Assignments of Error 3, 4, and 5, involving the correctness of the trial court in sustaining the demurrers are now before this court. The fundamental issue is whether Tillman has a right to file a declaratory action. A thumbnail sketch of the Pension Board's argument is that Tillman does not have any right to a declaratory action because he failed to appeal from a ruling of the Mobile County Personnel Board sustaining the dismissal of Tillman by the City Commission; that a declaratory action is not a substitute for an appeal. The Personnel Board's treatment of Tillman on appeal to it was not exactly cuddlesome.

Tillman, on the other hand, alleges that he injured his left knee while fighting a fire; that his "injuries resulted in the physical inability to perform his duty as a classified Fire Fighter-Driver;" that under the provisions of the Act, because of his disability, he is entitled to a pension and therefore there is a justiciable controversy within the meaning of the Declaratory Judgment Act.

■ It is correctly stated by the Pension Board that an action for declaratory judgment was never intended to be used as a substitute for an appeal. Ex Parte State ex rel. Lawson, 241 Ala. 304, 2 So.2d 765 (1941); Avery Freight Lines, Inc. v. White, 245 Ala. 618, 18 So.2d 394 (1944). In this case we have two different Boards —the Personnel Board and the Pension Board. It does not appear that one Board was, or would be, legally concerned with the actions of the other.

■ Act No. 243, supra, provides no method of review for decisions of "The Board of Policemen's and Fire Fighter's Pensions of the City of Mobile." Section 23 of the Act states:

" . . . In no event shall any suit be filed against the Board of Pensions, any of its members . . . for the recovery of any pension or to enforce any of the provisions of this Act."

Article 1, § 13, Constitution of Alabama, 1901, guarantees every person shall have his day in court. This court said in Almon v. Morgan County, 245 Ala. 241, 16 So.2d 511 (1944):

"If procedural due process is accorded, the Legislature may confer on an administrative board the power to make a conclusive finding of facts, affecting a person's property rights, provided the constitutional right to a trial by jury is not violated . . . and the right to review the legality of the proceeding has no prohibitive burden."

Section 23 providing that "the decision of the Board of Pensions shall be final," is an obvious denial of the right of review.

This court has said that controversies touching the legality of acts of public officials or public agencies, challenged by parties whose interests are adversely affected is one of the favored fields for declaratory judgment. Gibbs v. Cochran, 281 Ala. 22, 198 So.2d 607 (1967). Because of the finality of the Board's decisions provided for in § 23 of the Act, the petitioner should be allowed to proceed with his declaratory action.

As to the sufficiency of the petition, this court has said, " 'the test of sufficiency . . . is not whether the complaint shows that the plaintiff will succeed . . . but whether he is entitled to a declaration of rights at all.' " Darling Shop of Birmingham v. Nelson, 255 Ala. 586, 52

**358**

So.2d 211 (1951). Title 7, § 157, Code of Alabama, 1940, expressly extends to persons whose rights are affected by a legislative Act the right to have a judicial determination to cover any construction or validity of the Act. Scott v. Alabama State Bridge Corporation, 233 Ala. 12, 169 So. 273 (1936).

A demurrer is rarely appropriate in a declaratory judgment case. Curjel v. Ash, 261 Ala. 42, 72 So.2d 732 (1954). Defects otherwise subject to demurrer in other types of complaint are not the subject of demurrer in a declaratory petition. White v. Brookley Federal Credit Union, 283 Ala. 597, 219 So.2d 849 (1968). No declaratory judgment should be made upon demurrer, but rather evidence should be heard and a final decree rendered thereon even though petitioner's bill is not explicit about the precise theory of relief. Glens Falls Indemnity Co. v. Boutwell, 274 Ala. 258, 147 So.2d 476 (1962).

As to the point raised in appellee's brief that Tillman was not a fireman for the City of Mobile, it does not appear that they are serious about this point and are "spoofing" themselves. The complaint alleges that Tillman has a "pecuniary interest in the Policemen's and Fire Fighter's Pensions of the City of Mobile . . ." and was injured while fighting a fire. We are not convinced that the City of Mobile does not know who its firemen are.

Reversed and remanded.

MERRILL and HARWOOD, JJ., concur.

HEFLIN, C. J., and MADDOX, J., concur specially.

MADDOX, Justice (concurring specially).

I concur in those portions of the opinion which state that a demurrer is rarely ap-propriate in a declaratory judgment proceeding. I believe the demurrer was erroneously sustained in this proceeding and, therefore, concur in the reversal of the cause.

HEFLIN, C. J., concurs.