(104 So. 814)

## ALABAMA PUBLIC SERVICE COMMISSION v. ALABAMA POWER CO.
### (3 Div. 708.)

(Supreme Court of Alabama. June 18, 1925.)

**1. Electricity ⟠11—Order denying application for rehearing held final order, from which appeal lies as from original order reducing rates.**

Public Service Commission's order denying application for rehearing under Code 1923, § 9808, after order reducing electric power rates, is final order from which appeal may be taken within 30 days to circuit court under sections 9809, 9832, 9838.

**2. Electricity ⟠11—Security for costs held to show appeal from order denying application for rehearing, not from original order reducing rates, and hence in time.**

Security for costs of appeal from order entered by Public Service Commission, *held* to show that appeal was from order denying rehearing, not from original order reducing electric power rates, and hence was in time, under Code 1923, § 9832, though order appealed from was erroneously described as one reducing rates.

**3. Electricity ⟠11—Power company held entitled to hearing on application for supersedeas of Public Service Commission's order denying rehearing.**

Power company not appealing under Code 1923, §§ 9809, 9832, from Public Service Commission's order reducing rates, could not supersede such order under section 9838, but under sections 9809, 9832–9842, was entitled to hearing of application for supersedeas of order denying rehearing, where it offered and proposed in application to give bond with sureties.

**4. Appeal and error ⟠84(1)—Orders denying motions to dismiss and strike application to supersede Public Service Commission's order held interlocutory orders, from which no appeal lies.**

Orders denying motions of Public Service Commission to dismiss appeal from, and strike application to supersede, order denying application for rehearing after order reducing rates are interlocutory orders or decrees, from which no appeal lies to Supreme Court, in absence of statute authorizing it.

**5. Mandamus ⟠4(5)—Lies to review interlocutory orders denying motions to dismiss and strike application to supersede order of Public Service Commission.**

There being no remedy by appeal or writ of error to review interlocutory orders denying motions to dismiss and strike application to supersede Public Service Commission's order denying rehearing after rate reduction order, mandamus will lie to review them.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

The Alabama Power Company appealed to the circuit court in equity to review an order of the Alabama Public Service Commission. To review a decree denying motions to dismiss appeal and strike application for supersedeas, appellee appeals, and applies for mandamus. Appeal dismissed, and mandamus denied.

Harwell G. Davis, Atty Gen., and Hugh White, Sp. Asst. Atty Gen., for appellant.

Appeals are of statutory creation and authority for an appeal must be found in the statute. Ex parte Jonas, 186 Ala. 567, 64 So. 960; 3 C. J. 297, 316, 616; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803. The right to appeal from orders granting or refusing new trials is wholly statutory. Johnson v. State, 87 Ala. 39, 6 So. 400; Ex parte Colvert, 188 Ala. 650, 65 So. 964; 3 C. J. 469, 507; Burrage v. State, 113 Ala. 108, 21 So. 213; Smith v. State, 165 Ala. 50, 51 So. 610; Suttles v. State, 15 Ala. App. 582, 74 So. 400. An order denying a rehearing is not made a final order by the statute. The utility is not given the right to make bond and supersede the rate put into effect by the original order. If an appeal will not lie from the decree of the circuit court, mandamus is the proper course. Ex parte Fechheimer, 103 Ala. 154, 15 So. 647; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Ex parte Watters, 180 Ala. 523, 61 So. 904; Ex parte Elston, 25 Ala. 72.

Martin, Thompson, Foster & Turner, of Birmingham, and Jones & Thomas, of Montgomery, for appellee.

The utility had a right of appeal under the statutes. Code 1923, §§ 9808, 9809, 9831, 9845. The supersedeas bond was sufficient. Henry v. Couch, 132 Ala. 570, 31 So. 463; Tex. & Pac. R. Co. v. Murphy, 111 U. S. 488, 4 S. Ct. 497, 28 L. Ed. 492; Town of Haven v. Orton, 37 Minn. 445, 35 N. W. 264; Anderson v. Meeker County, 46 Minn. 237, 48 N. W. 1022; Price v. West. L. & S. Co., 35 Utah, 379, 100 P. 677, 19 Ann. Cas. 589. The limitation fixed for taking appeals dates from the time application is overruled. Lewis v. Martin, 210 Ala. 401, 97 So. 635; Shipp v. Shelton, 193 Ala. 658, 69 So. 102; Citizens' Bank v. Opperman, 249 U. S. 448, 39 S. Ct. 330, 63 L. Ed. 701; Altenburg v. Grant, 83 F. 980, 28 C. C. A. 244.

MILLER, J. The Alabama Public Service Commission upon petition of the Alabama Ice Manufacturing Association on hearing after notice, did on January 13, 1923, make an order reducing the rates of the Alabama Power Company for electricity supplied the members of the Alabama Ice Manufacturing Association in operation of their plants.

The Alabama Power Company on April 6, 1923, filed a bill in the United States District Court seeking to enjoin the enforcement of this order of January 13, 1923, of the Ala-

ALABAMA PUBLIC SERVICE COMMISSION v. ALABAMA POWER CO.    375
(213 Ala.)

bama Public Service Commission reducing the rates. Pending a consideration of this bill on motion to dismiss it for want of equity an agreement was reached between the parties whereby the Alabama Power Company would dismiss the bill and file an application for rehearing before the Alabama Public Service Commission, and the commission would give such application consideration and a hearing. The bill in the United States District Court was dismissed.

The Alabama Power Company, on June 23, 1923, filed an application for rehearing before the Alabama Public Service Commission. This application was for a rehearing in respect to matters determined and ordered by the commission on January 13, 1923, based on the following, among other, grounds:

"The order of the commission results in a rate which is unfair and unreasonable to the Alabama Power Company. The order of the commission results in a discrimination against all other users of power. The Alabama Power Company is required constantly to maintain capacity to serve the petitioners without adequate compensation therefor."

The Alabama Power Company by this application for rehearing sought to have the Alabama Public Service Commission to "set aside and annul its said order of January 13, 1923."

The Alabama Public Service Commission heard this application for rehearing on the 21st day of October, 1924, and found the Alabama Power Company has failed to show sufficient reason for granting such rehearing, and has not shown sufficient reason for setting aside or modifying the final order entered in this cause, and ordered on that day, October 21, 1924, that the "application for rehearing be and it is hereby denied."

The Alabama Power Company on November 6, 1924, took an appeal to the circuit court in equity of Montgomery county by filing with the commission security for costs of the appeal, which was approved by the president of the Alabama Public Service Commission. The Alabama Power Company made application in the circuit court for a supersedeas of the order of the Alabama Public Service Commission entered on October 21, 1924.

The Alabama Public Service Commission filed in the circuit court in equity, on December 23, 1924, a motion to dismiss the appeal, and the commission, on January 6, 1925, filed in the circuit court a motion to dismiss and strike the application of the Alabama Power Company for supersedeas. Each motion was based on the same grounds: One was the appeal is without equity, and that the appeal was taken from the order of the Alabama Public Service Commission made on October 21, 1924, denying the rehearing, and that no appeal lies to the circuit court from that order. These motions were argued and sub-

mitted by the parties together, and the trial court entered an order or decree on February 5, 1925, denying each of the motions. This appeal is prosecuted by the Alabama Public Service Commission from that order or decree, and the two orders or decrees rendered by the trial court are the errors assigned.

The appellant, being uncertain whether an appeal will lie from that order or decree to this court, filed in connection with the appeal a motion for an alternative writ of mandamus for reviewing the action of the lower court in denying the two motions.

[1] From any final action or order of the Public Service Commission an appeal may be taken to the circuit court in equity of Montgomery County. Section 9809, Code 1923. This appeal shall be granted as a matter of right by filing with the Public Service Commission security for the costs of the appeal. Section 9832, Code 1923, Acts 1909 (Sp. Sess.) p. 96, § 1. But such appeal shall be taken within 30 days from the date of the action or order. Section 9832, Code 1923; Acts 1909 (Sp. Sess.) § 1, p. 96. The original order reducing the rates for electricity furnished the members of the Alabama Ice Manufacturing Association by the Alabama Power Company was entered on January 13, 1923. The Alabama Power Company had the right to appeal from that order, which was a final order reducing rates, provided it did so by filing with the Public Service Commission security for the costs of the appeal within 30 days from the date (January 13, 1923) of this order. The appellee did not avail itself of this right. It did not appeal from that order, and did not make application for a new trial within 30 days after the order was made. Section 9832, Code 1923; section 1, Acts 1909 (Sp. Sess.) p. 96.

Every order of the commission shall be effective 20 days after the service thereof, and shall be served immediately after its entry of record upon every party required to obey it, unless a different time be prescribed by the commission. The commission prescribed and directed that this order of January 13, 1923, shall be effective at once. Section 9806, Code 1923; section 59, Acts 1920 (Sp. Sess.) p. 38. This rate by this order became effective on January 13, 1923, the date of the order, and it continues in effect until it is altered, amended, annulled, or otherwise modified by an order of the Public Service Commission. Section 9807, Code 1923; section 60, Acts 1920 (Sp. Sess.) p. 38. This order has not been altered, amended, annulled, or otherwise modified by the commission. It has been changed in no way by the commission, and it is still in force and effect. Authorities supra. The commission may at any time after the entry of this order of January 13, 1923, in the manner provided for in making thereof, alter, amend, annul, or otherwise modify it, but this has not been done. Sec-

tion 9807, Code 1923; section 60, Acts 1920, p. 38.

It is true under the statute at any time after the order of January 13, 1923, had been made the Alabama Power Company, or any person interested therein, may apply for a rehearing in respect to any matter determined therein, and the commission shall grant and hold such rehearing, if in its judgment sufficient reason therefor be made to appear. Section 9808, Code 1923; section 61, Acts 1920, p. 38. The Alabama Power Company did on June 23, 1923, make application in writing for a rehearing of that order as this statute permitted. But this application for rehearing of the order is different from a motion to set aside the original order and grant a new trial on the original application on which the original order was entered. (The application for rehearing relates to a hearing to determine whether under the conditions then existing the rates fixed by the original order should not be altered, amended, set aside, annulled, or otherwise modified.) This statute (section 9808, Code 1923) does not authorize the commission to set aside the original order and grant the Alabama Power Company a new trial on the original application on which the order of January 13, 1923, is based; but it authorizes the commission to hear the application for rehearing and determine whether the rates fixed by the order of January 13, 1923, shall continue any longer, or whether they shall be altered, amended, annulled, or otherwise modified. (This application for rehearing could, if granted, have no retroactive effect on the order of January 13, 1923.) It can affect, if granted, the future operation and enforcement only of that order. This statute (section 9808) expressly states this application for a rehearing shall not excuse complying with or obeying the original order, or in any manner operate to stay or postpone its enforcement, except as the commission may by order direct. The statute (section 9808, Code 1923) declares any order of the commission made after such rehearing shall have the same force and effect as an original order.

This clearly shows the order of the commission made after hearing the application for a rehearing is a final order, just like the original order was final; and it is evident that an appeal will lie to the circuit court in equity of Montgomery county from an order of the commission on application for rehearing made after the hearing just as an appeal lies from the original order made after a hearing on the original application.

This application for a rehearing of the order of January 13, 1923, by the Alabama Power Company is an attempt and an effort to have the rates fixed by the Public Service Commission on January 13, 1923, annulled and set aside, and the rates which existed prior to this order put into effect, thereby increasing in the future the rates for electricity to the members of the Alabama Ice Manufacturing Association. The design of the application for the rehearing is to increase the rates for electricity fixed on January 13, 1923, by the Public Service Commission for members of the Alabama Ice Manufacturing Association. And when the Public Service Commission by order on October 21, 1924, denied this application, they thereby refused to increase the rates fixed by them on January 13, 1923, to members of the Alabama Ice Manufacturing Association. The order of the commission entered on October 21, 1924, after the hearing, overruling and denying the application for rehearing, is a final order. It has the, same force and effect as the original order of January 13, 1923, and an appeal may be taken from it within 30 days from the date, October 21, 1924, of the order. The order of October 21, 1924, in effect refused to increase the rates for electricity to members of the Alabama Ice Manufacturing Association fixed by the Public Service Commission on January 13, 1923.

Section 9838, Code of 1923, relates to superseding orders of the commission on appeal. It requires bond to supersede, "if the appeal be from an order of the commission reducing or refusing to increase such rates, fares or charges." This clearly evidences that the Legislature intended that an order of the commission refusing to increase rates or charges was final, and would support an appeal to the circuit court.

[2] Section 9809, Code 1923, states from any final action or order of the commission, in the exercise of the jurisdiction, powers, and authority conferred upon the commission by this article, an appeal shall lie to the circuit court of Montgomery county, sitting in equity. This is broad and comprehensive, and it includes the final order made in this cause by the commission on October 21, 1924, overruling and denying the application of the Alabama Power Company for a rehearing. This appeal to the circuit court in equity of Montgomery county was taken by the Alabama Power Company on November 6, 1924. It was in time, if taken from the order of October 21, 1924, and it should not have been dismissed on the motion of the Alabama Public Service Commission filed in the circuit court. The order was entered October 21, 1924, and the appeal was taken November 6, 1924, which was within 30 days from the date of the order. Section 9833, Code 1923. If the appeal to the circuit court in equity was from the original order, dated January 13, 1923, then the motion of the Alabama Public Service Commission to dismiss the appeal, filed in the circuit court, should have been granted, because it was taken more than 30 days from the date of this order. Section 9832, Code 1923. The appeal was taken to the circuit court by giving se-

curity for costs as the statute permits; and from its recitals we must determine from which order the appeal was taken by the Alabama Power Company. This security for costs of appeal states it is given "as security for costs of an appeal this day taken by Alabama Power Company to the circuit court of Montgomery county in equity from an order and decree of the Alabama Public Service Commission, made and entered on, to wit, the 21st day of October, 1924, being cause No. 4239 on the docket of the Alabama Public Service Commission, such order reducing the rates of Alabama Power Company upon service to members of Alabama Ice Manufacturing Association."

This description of the effect of the order is wrong. The order overrules and denies the application. It does not reduce or increase the rates. It really refuses to increase the rates. It allows the rates to remain the same as fixed by the order of January 13, 1923. But this security for costs clearly states the appeal is from the order or decree of the Alabama Public Service Commission made and entered on October 21, 1924. So we must, and do, hold the appeal to the circuit court was from the order or decree of October 21, 1924, overruling and denying the application for a rehearing. The circuit court did not err in the order entered denying the motion of the Alabama Public Service Commission to dismiss the appeal of the Alabama Power Company. Authorities supra.

[3] This order of October 21, 1924, denying the application for rehearing to set aside and annul the order of January 13, 1923, was in effect an order refusing to increase the rates or charges for electricity furnished to the members of the Alabama Ice Manufacturing Association, as fixed by the Public Service Commission, and the circuit court, or judge thereof, could on hearing and notice after consideration of the testimony taken before the Commission grant the application for supersedeas, and the court could order a supersedeas of the order appealed from dated October 21, 1924, if the party, the Alabama Power Company, applying for the same shall execute and file with the register of the court a bond as the statutes provide. Sections 9809, 9838-9842, Code 1923.

The court did not err in refusing the motion of the Alabama Public Service Commission to strike the application for supersedeas of the order of October 21, 1924, filed by the Alabama Power Company. It offered and proposed in the application to give bond with sureties as the statutes require, and it had a right to be heard on the application. Sections 9838-9842, Code 1923. The Alabama Power Company cannot supersede the order of the Public Service Commission entered on January 13, 1923, as no appeal was taken

from that order. It went into effect and operation the day it was entered. Authorities supra.

[4] These orders of the trial court, one denying the motion of the Public Service Commission to dismiss the appeal, and the other denying the motion of this commission to strike from the file the application of appellee to supersede the order of October 21, 1924, are not final orders or final decrees. They are interlocutory orders or decrees in their nature and character. We are cited to and find no statute authorizing an appeal from either of the orders of the trial court. No appeal will lie to this court from either of these orders in the absence of a statute authorizing it. This appeal to this court from these orders must be dismissed, because there is no statute authorizing it. Worthington v. Morris, 102 So. 620, headnote 3;[1] Clark v. Spencer, 80 Ala. 345; Shoe Co. v. Gunn, 123 Ala. 640, 26 So. 198.

[5] The appellant had no remedy by appeal or writ of error to have these rulings of the trial court denying these motions reviewed by this court; and a review of them on appeal after final decree could not give appellant an adequate remedy, so mandamus will lie to review them. Johnson v. Westinghouse, 209 Ala. 672, 96 So. 884; Ex parte Campbell, 130 Ala. 183, 30 So. 385.

The trial court as hereinbefore shown did not err in either of its orders or decrees, denying the respective motions of appellant. The writ of mandamus is denied. Authorities supra.

The appeal is dismissed, and the writ of mandamus is denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

