(131 So. 796)

**ALABAMA PUBLIC SERVICE COMMISSION v. LINDSEY.**

4 Div. 523.

Supreme Court of Alabama.

Nov. 13, 1930.

Rehearing Denied Jan. 22, 1931.

244

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for appellant.

E. C. Orme, of Troy, for appellee.

BOULDIN, J.

The Motor Bus Act of 1927 (Acts 1927, p. 309), section 42, p. 322, reads: "From any final action or order of the commission in the exercise of the jurisdiction, powers and authority conferred upon the commission by this Act, an appeal shall lie to the circuit Court of the County in which the respondent resides sitting in equity, and thence to the Supreme Court of Alabama. Such appeals must be taken within thirty days after the date of such final action or order, and such appeals and the supersedeas and stay of the action or order appealed from in other respects shall be governed by the provisions of law now in force or hereafter enacted respecting appeals in other cases from the orders and actions of the commission."

By the Act of February 23, 1907, page 149, § 36, transportation rates of common carriers fixed by the "Railroad Commission" were contested by action begun by "complaint, bill or petition" in the circuit or chancery court of Montgomery county. Code 1907, §§ 5684, 5685. These provisions, applied to the "Public Service Commission," are brought forward in the Code of 1923, §§ 9675, 9676.

By the act of 1909 (Acts of 1909 [Sp. Sess.] p. 96, § 1), a statutory appeal is provided from the order or judgment of the Public Service Commission fixing "rates, fares or charges for the transportation of freight, property or passengers."

This statute now appears as article 10 of the chapter relating to the Public Service Commission. Code of 1923, § 9831 et seq.

By Code § 9809, the right of appeal is extended to orders made under article 8, relating to public utilities other than transportation companies.

No occasion arises in the present case to define whether and in what cases the remedy by suit in equity and by statutory appeal are concurrent or exclusive. Alabama Public Service Com. v. Mobile Gas Co., 213 Ala. 50, 104 So. 538, 41 A. L. R. 872; Alabama Public Service Com. v. Alabama Power Co., 213 Ala. 374, 104 So. 814; Alabama Power Co. v. Alabama Public Service Com., 214 Ala. 164, 107 So. 71.

■ The order here sought to be reviewed relates solely to the matter of passenger fares or rates on a motor bus line. It is clearly within article 10, § 9831 et seq.

■ Such appeal by the carrier is "deemed perfected by the filing with the public service commission of security for costs of said appeal." Code, § 9832.

■ No additional notice of the appeal is required. The Public Service Commission is the judicial tribunal whose judgment is being appealed from, and is at the same time a party to the suit on appeal. Hence filing the security for costs of appeal carries notice of the appeal.

■ The certified transcript sent by the commission to the appellate court includes "all pleadings, evidence, and orders." Code, § 9833.

■ The trial is de novo, but the transcript showing the subject-matter of the controversy, and the evidence heard by the commission, may be offered by either party. Other evidence may also be produced. Code, § 9835.

The burden and measure of proof is declared. Code, § 9836.

The issue is defined by law, viz.: Shall the order of the commission be affirmed as made, or be annulled and vacated? Code, § 9837.

■■ We cannot concur with the Attorney General in the view that it was necessary to file a bill of complaint and bring in the commission by summons; nor that any other or further notice of the date set for trial was due the commission than to other parties having causes set down on the trial docket.

There was no supersedeas sought pending the appeal under Code, § 9838.

■ If Code, § 9810, requiring five days' notice of certain hearings, includes supersedeas under section 9838, there was no occasion for the five days' notice there provided.

Construing section 9810 as requiring five days' notice before the cause is at issue for trial in the appellate court, such notice was given by filing the cost bond approved by the

commission June 6th, and the trial had September 3d thereafter.

There was no error in refusing the motion to dismiss the appeal for want of a summons upon bill filed; nor in refusing motion to continue for want of five days' special notice of the day set for trial. No other ground for continuance is presented by the record.

We do not understand the Attorney General's brief to question the finding and judgment of the trial court on the merits and after hearing the evidence.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.