56 So.2d 669

## BAGGETT TRANSP. CO., Inc. v. AVERY FREIGHT LINES, Inc.

### 3 Div. 624.

Supreme Court of Alabama.

Jan. 24, 1952.

Roman L. Weil, Montgomery, and D. H. Markstein, Jr., Birmingham, for appellant.

Wm. S. Pritchard, Winston B. McCall, Victor H. Smith and Pritchard & McCall, all of Birmingham, and Hill, Hill, Whiting & Harris, Montgomery, for appellee.

SIMPSON, Justice.

This appeal seeks to review the propriety of a ruling of the Alabama Public Service Commission sustaining the motion of appellee, Avery Freight Lines, Inc., to strike the petition of appellants (intervenors before the Commission) for a rehearing of an order of the Commission dated February 27, 1951, directing that a certificate be issued to Avery Freight Lines, Inc., authorizing it to operate "as an irregular common carrier of property on all roads in the State of Alabama." Rather than appealing from the said order of February 27, the appellants filed a petition for a reconsideration and rehearing of that order and after the Commission struck the petition for rehearing, appellants appealed from that last ruling to the circuit court, in equity, of Montgomery County. On a motion of Avery Freight Lines in that court, the appeal was dismissed and from that order of dismissal the instant appeal comes to us. The case is submitted here likewise on motion to dismiss the appeal.

There are several grounds set up in the motion here, but we will discuss only two, which appear to us to be sufficient to require a dismissal of the appeal: (1) the ruling of the Public Service Commission striking the petition for rehearing is not an appealable order; (2) there was no merit in the petition before the Commission for a rehearing, in that previous decrees of the circuit court of Mobile County and of this court had settled the matter and placed the case beyond the jurisdiction of the Commission to act on that state of facts.

### (1)

■ With respect to the first proposition, we need only say that the statute does not provide for an appeal from a ruling of the Commission striking the petition for rehearing. True, an appeal would lie from a final order of the Commission either granting or denying a petition for rehearing. Alabama Public Service Commission v. Alabama Power Co., 213 Ala. 374, 104 So. 814. But the Commission entered no such order in this case. The ruling of the Commission here was in essence a refusal to consider the application for rehearing by striking it. This was not an appealable order. Western Ry. of Ala. v. Wallace, 170 Ala. 584, 54 So. 533(5); Alabama Public Service Commission v. Alabama Power Co., supra, (5). Appeals are purely statutory and since no provision is made for an appeal from such a ruling of the Commission, the circuit court very correctly dismissed the appeal when it came to that court, and the appeal here must likewise suffer the same fate.

■ The appellants, as excuse for not appealing from the original order of the Commission granting the certificate, contend that it was necessary to make application for rehearing in order to exhaust all available remedies before taking the appeal, citing Vandalia R. Co. v. Public Service Commission, 242 U.S. 255, 37 S.Ct. 93, 61 L.Ed. 276, and Red River Broadcasting Co., Inc. v. Federal Communications Commission, 69 App.D.C. 1, 98 F.2d 282, certiorari denied 305 U.S. 625, 59 S.Ct. 86, 83 L.Ed. 400. This court has held to the contrary and to the effect that if the appeal is duly filed, it may be taken from the original action or order of the Commission without the necessity of an application for rehearing. Alabama Public Service Commission v. Higginbotham, Ala.Sup., 56 So. 2d 401; Alabama Public Service Commission v. Alabama Power Co., supra.

### (2)

But, anyway, the application for rehearing had no real merit. It is quite clear to us the Commission had no authority to act other than as it did on February 27, 1951, when it granted the certificate to Avery Freight Lines.

We relate a brief history of the case to sustain our view. Three pertinent decisions in the case have heretofore been rendered by this court. Avery Freight Lines, Inc., v. White, 245 Ala. 618, 18 So.2d 394, 154 A.L.R. 732; Avery Freight Lines, Inc., v. Persons et al., 250 Ala. 40, 32 So.2d 886; Alabama Public Service Commission v. Avery Freight Lines, Inc., 254 Ala. 672, 49 So.2d 170. In 1940, motor carrier permits were issued to Avery Coal Company as an intrastate carrier of commodities,

with specified territory; Avery Freight Lines, Inc., as successor to Avery Coal Company, procured from the judge of probate of Mobile County, pursuant to the 1931 Motor Carrier Act, Code 1940, Tit. 48, § 239 et seq., a certificate granting it "the right to operate as an irregular common carrier for the transportation of property on all roads in the State of Alabama." Thereafter, on October 3, 1940, the Alabama Motor Carrier Act, recognizing grandfather rights, became effective, and Amery Freight Lines, Inc., within the time provided by the statute, made application to the Public Service Commission for a certificate of public convenience and necessity under the grandfather clause. § 301 (8), Title 48, Code 1940, Pocket Part. In 1941 the grandfather application of Avery Freight Lines, Inc., was denied by the Commission and Avery Freight Lines, Inc., appealed to the circuit court of Mobile County and after a hearing, that court on September 30, 1941, entered the following decree: " * * * Ordered, Adjudged And Decreed, as Follows, the order entered by the Alabama Public Service Commission dated July 8th, 1941, in this matter is modified to provide that the applicant, Appellant, Avery Freight Lines, Inc., is entitled under the provisions of the Alabama Motor Carrier Act of 1939 and more especially Tit. 48 Paragraph 301(8) Code of Alabama, 1940, to have a certificate of convenience and necessity under the proof and petition heretofore filed with the Alabama Public Service Commission, to operate as an irregular common carrier to the extent provided in the motor carrier permit issued to the appellant by Honorable Matt A. Boykin, Judge of Probate of Mobile County, Alabama, on the 22nd day of August, 1940, which gave and allowed applicant, appellant here, the right to operate as an irregular common carrier of property on all roads in the State of Alabama."

The Commission then appealed to this court from that decree, but the appeal was dismissed, leaving the judgment of the Mobile Circuit Court in full effect. Thereafter, Avery Freight Lines filed a bill in the circuit court of Montgomery County for a declaratory judgment to construe the aforesaid order of the circuit court of Mobile County and on appeal from a decree of the circuit court of Montgomery County, this court upheld the right of Avery Freight Lines to a declaratory judgment. Avery Freight Lines, Inc., v. White, supra. Thereafter, in 1947, the case again came before this court after a hearing of the declaratory judgment suit on the merits and this court in effect held that the original decree of the circuit court of Mobile County, supra, holding that Avery Freight Lines was entitled to have a certificate issued granting it the right to operate as an irregular common carrier of property on all roads in the State of Alabama was a final order in the case and was the law of the case and not subject to revision, the facts with respect to the matter remaining substantially the same. Avery Freight Lines, Inc., v. Persons et al., supra. It was there said: " * * * However, the decree of the Circuit Court of Mobile County, in Equity, whether correct or erroneous, became the law of the case so far as the Public Service Commission is concerned and the Public Service Commission cannot in a subsequent hearing deny the application of Avery Freight Lines, Inc. for a certificate of public convenience and necessity or permit, if the facts remain substantially the same as those appearing on the former hearing before the commission. * * *" 250 Ala. 46, 32 So.2d 890.

Thereafter, in 1948, after a rehearing before the Alabama Public Service Commission authorizing transportation of roofing from Mobile to Tuscaloosa, on appeal to the circuit court of Mobile County, that court found that the facts on rehearing were substantially the same as when that court entered the former decree in September, 1941, and remanded the case to the Commission with the following direction: "The Alabama Public Service Commission be, and it is hereby directed to issue to Avery Freight Lines, Inc., a certificate of Public Convenience and Necessity, under provisions of Section 8 of the Act of 1939 page 1069, now Section 301(8), Title 48, Code of 1940 referred to as the 'Grandfather Clause' in said Act, authorizing operation by Avery Freight Lines, Inc., as an

irregular common carrier of property on all roads in the State of Alabama."

This court affirmed that opinion and it is reported as Alabama Public Service Commission v. Avery Freight Lines, Inc., supra.

After the last affirmance, the Commission very correctly entered the order of February 27, 1951, granting Avery Freight Lines, Inc., a certificate to operate as an irregular common carrier of property on all roads in the State of Alabama. There was no discretion left with the Commission to do otherwise, since, as stated in Avery Freight Lines, Inc., v. Persons et al., supra, the decree of the circuit court of Mobile County, dated September 30, 1941, was the law of the case, and inhibited the Commission from any further action in the matter except the issuance of the certificate, so long as the facts remained substantially the same.

So considered, the action of the Commission in striking the petition for rehearing and reconsideration was proper.

Appellants complain that their rights have never been passed on by this court and that, therefore, they should be allowed to proceed with the appeal in this case. Whatever merit this contention may seem to have is completely answered by the fact that the time to test the right *vel non* of Avery Freight Lines, Inc., to the certifiicate which has lately been issued to it was an appeal from the first decree rendered by the circuit court of Mobile County in 1941, declaring Avery Freight Lines' right to a certificate. That appeal, however, was not prosecuted, but was dismissed, thus leaving the decree of the circuit court of Mobile County in effect, which is completely res judicata so long as the facts remain substantially the same.

It therefore conclusively appears that the appeal here has no merit and the motion of Avery Freight Lines, Inc., to dismiss it must be granted.

Appeal dismissed.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.