CASTLE, ATTORNEY GENERAL, ET AL. *v.*
HAYES FREIGHT LINES, INC.

No. 44.   Argued November 17, 1954.—Decided December 6, 1954.

*John L. Davidson, Jr.,* First Assistant Attorney General of Illinois, argued the cause for petitioners.   With him on the brief were *Latham Castle,* Attorney General, *Mark O. Roberts,* Special Assistant Attorney General, and *William C. Wines* and *Lee D. Martin,* Assistant Attorneys General.

*David Axelrod* argued the cause for respondent.   With him on the brief were *Jack Goodman* and *Carl L. Steiner.*

Briefs of *amici curiae* urging reversal were filed by *Edwin K. Steers,* Attorney General, and *J. D. Wright* and *Arthur H. Gemmer,* Deputy Attorneys General, for the

State of Indiana; and *Charles C. Collins* and *Ode L. Rankin* for the American Automobile Association, Inc.

*Peter T. Beardsley* filed a brief for the American Trucking Associations, Inc., as *amicus curiae,* urging affirmance.

MR. JUSTICE BLACK delivered the opinion of the Court.

This case raises important questions concerning the power of states to bar interstate motor carriers from use of state roads as punishment for repeated violations of state highway regulations. The respondent Hayes Freight Lines, Inc. is such a carrier transporting goods to and from many points in Illinois and seven other states.[1] This extensive interstate business is done under a certificate of convenience and necessity issued by the Interstate Commerce Commission under authority of the Federal Motor Carrier Act.[2] Hayes also does an intrastate carrier business in Illinois under a certificate issued by state authorities. Illinois has a statute which limits the weight of freight that can be carried in commercial trucks over Illinois highways; the same statute also provides for a balanced distribution of freight loads in relation to the truck's axles.[3] Repeated violations of these provisions by trucks of a carrier are made punishable by total suspension of the carrier's right to use Illinois state highways for periods of ninety days and one year.[4] This action was brought in a state court to restrain

---

[1] Indiana, Missouri, Michigan, Pennsylvania, Ohio, Kentucky, and Tennessee.

[2] 49 Stat. 543. Now Part II of the Interstate Commerce Act, 54 Stat. 919, 49 U. S. C. § 301 *et seq.*

[3] Ill. Rev. Stat., 1953, c. 95½, § 228.

[4] Ill. Rev. Stat., 1953, c. 95½, § 229b. This section provides for a 90-day suspension upon a finding of 10 or more violations. If thereafter the same carrier is found to have been guilty of 10 or more later violations the suspension is for one year.

Illinois officials from prosecuting Hayes as a repeated violator. The State Supreme Court held that the punishment of suspension provided by the state statute could not be imposed on the interstate operations of the respondent Hayes. Such a state suspension of interstate transportation, it was decided, would conflict with the Federal Motor Carrier Act which is the supreme law of the land.[5] We granted the State's petition for certiorari. 347 U. S. 1009.

Congress in the Motor Carrier Act adopted a comprehensive plan for regulating the carriage of goods by motor truck in interstate commerce. The federal plan of control was so all-embracing that former power of states over interstate motor carriers was greatly reduced. No power at all was left in states to determine what carriers could or could not operate in interstate commerce. Exclusive power of the Federal Government to make this determination is shown by § 306 of 49 U. S. C. which describes the conditions under which the Interstate Commerce Commission can issue certificates of convenience and necessity. And § 312 of the same title provides that all certificates, permits or licenses issued by the Commission "shall remain in effect until suspended or terminated as herein provided." But in order to provide stability for operating rights of carriers, Congress placed within very narrow limits the Commission's power to suspend or revoke an outstanding certificate. No certificate is to be revoked, suspended or changed until after a hearing and a finding that a carrier has willfully failed to comply with the provisions of the Motor Carrier Act

[5] 2 Ill. 2d 58, 117 N. E. 2d 106. But the State Supreme Court held that Hayes' intrastate operations could be suspended. Hayes appealed to this Court. We dismissed for want of a substantial federal question. 347 U. S. 994.

or with regulations properly promulgated under it.[6]   Under these circumstances, it would be odd if a state could take action amounting to a suspension or revocation of an interstate carrier's commission-granted right to operate. Cf. *Hill* v. *Florida,* 325 U. S. 538.   It cannot be doubted that suspension of this common carrier's right to use Illinois highways is the equivalent of a partial suspension of its federally granted certificate.   The highways of Illinois are not only used by Hayes to transport interstate goods to and from that State but are also used as connecting links to points in other states which the Commission has authorized Hayes to serve.   Consequently if the ninety-day or the one-year suspension should become effective, the carriage of interstate goods into Illinois and other states would be seriously disrupted.

That Illinois seeks to punish Hayes for violations of its road regulations does not justify this disruption of federally authorized activities.   A state's regulation of weight and distribution of loads carried in interstate trucks does not itself conflict with the Federal Act.   The reason for this as pointed out in *Maurer* v. *Hamilton,* 309 U. S. 598, is that the Federal Act has a provision designed to leave states free to regulate the sizes and weights of motor vehicles.   But it would stretch this statutory provision too much to say that it also allowed states to revoke or suspend the right of interstate motor carriers for violation of state highway regulations.

It is urged that without power to impose punishment by suspension states will be without appropriate remedies to enforce their laws against recalcitrant motor carriers. We are not persuaded, however, that the conventional forms of punishment are inadequate to protect states from overweighted or improperly loaded motor trucks.   More-

[6] *Smith Bros., Revocation of Certificate,* 33 M. C. C. 465, 472. See *United States* v. *Seatrain Lines,* 329 U. S. 424.

over, a Commission regulation requires motor carriers to abide by valid state highway regulations.[7] And as previously pointed out, the Commission can revoke in whole or in part certificates of motor carriers which willfully refuse to comply with any lawful regulation of the Commission.[8] If, therefore, motor carriers persistently and repeatedly violate the laws of a state, we know of no reason why the Commission may not protect the state's interest, either on the Commission's own initiative or on complaint of the state.[9]

We agree with the Supreme Court of Illinois that the right of this carrier to use Illinois highways for interstate transportation of goods cannot be suspended by Illinois.

*Affirmed.*

---

[7] 49 CFR, 1954 Cum. Supp., § 192.3. "Every motor vehicle shall be driven in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated, unless such laws, ordinances and regulations are at variance with specific regulations of this Commission which impose a greater affirmative obligation or restraint."

[8] 49 Stat. 555, 49 U. S. C. § 312.

[9] 49 Stat. 555, 49 U. S. C. § 312. For cases in which the Commission has considered violations of state law in passing on the fitness and ability of applicants to operate as carriers in interstate commerce see *Southwest Freight Lines, Inc., Extension—Glass Products,* 54 M. C. C. 205, 219; *Hayes Freight Lines, Inc., Extension—Alternate Routes,* 54 M. C. C. 643, 659.