104 So.2d 705

AVERY FREIGHT LINES, INC.,

v.

ALABAMA PUBLIC SERVICE COMMISSION et al.

6 Div. 156.

Supreme Court of Alabama.

July 24, 1958.

Prichard, McCall & Jones and Victor H. Smith, Birmingham, for appellant.

John Patterson, Atty. Gen., Robt. G. Kilgore, Jr., Asst. Atty. Gen., and Wm. F. Black, Montgomery, of counsel, for appellee Alabama Public Service Commission.

Wm. Inge Hill and Jack Crenshaw, Montgomery, and Maurice F. Bishop, D. H. Markstein, Jr., and Lange, Simpson, Robinson & Somerville, Birmingham, for appellee intervenors.

LIVINGSTON, Chief Justice.

This is an appeal by Avery Freight Lines, Inc., from a decree rendered on March 22, 1957, by the Circuit Court of Jefferson County, in Equity, on an appeal taken by this appellant from an order of the Alabama Public Service Commission, dated July 13, 1956, by which it was ordered by the Alabama Public Service Commission that all authority to transport liquid commodities in bulk in tank vehicles between any points in Alabama was thereby deleted from Motor Carrier Certificate of Public Convenience and Necessity, No. 2013, theretofore issued and standing in the name of Avery Freight Lines, Inc., and by which it was further ordered that Avery Freight Lines, Inc., be, and was thereby, required to cease and desist transporting liquid commodities in bulk in tank vehicles until such time as it was shown in a public hearing that the public convenience and necessity required such transportation.

It appears from the record that Certificate No. 2013 was issued by the Alabama Public Service Commission to Avery Freight Lines, Inc., on the 27th day of February, 1951, to authorize operation as an irregular common carrier of all property on all roads in the State of Alabama. Certificate No. 2013 was issued by the Public Service Commission after litigation which resulted in an order and judgment of this Court rendered October 12, 1950, by which the judgment and decree of the Circuit Court of Mobile County, in Equity, directing the Public Service Commission to issue such certificate, was affirmed. See Alabama Public Service Commission v. Avery Freight Lines, Inc., 254 Ala. 672, 49 So.2d 170. This holding was reaffirmed in Baggett Transportation Co., Inc., v. Avery Freight Lines, Inc., 256 Ala. 615, 56 So.2d 669.

The order of the Public Service Commission from which the appeal to the Circuit

Court of Jefferson County, in Equity, was taken was based upon the citation issued by the Alabama Public Service Commission on May 31, 1956, entitled "In the Matter of Failure of Common Carriers of Property by Motor Vehicle to exercise the Authority under Certificate of Public Convenience and Necessity issued by the Commission— Re: Avery Freight Lines, Inc., Respondent, Docket No. 13880." In this citation, it was recited that there had been previously considered by the Commission, under Docket No. 13778, a complaint of certain petroleum carriers that each of them had invested substantial sums of money in the purchase and maintenance of appropriate equipment for the safe transportation of petroleum and petroleum products as required by Sec. 17 of the Alabama Motor Carrier Act, Code 1940, Tit. 48, § 301(17), and that there were outstanding a number of Certificates of Public Convenience and Necessity which by broad commodity description might be construed as authorizing the transportation of petroleum or petroleum products in bulk who were not furnishing suitable equipment for such transportation as required by Sec. 17 of the Motor Carrier Act; and the Commission having taken testimony on said petition on November 29, 1954, did thereafter of its own initiative institute an investigation, under Docket No. 13880, and it further appearing that on March 31, 1955, the Commission did make and enter an order requiring the respondent to inform the Commission, in writing, within 30 days from the date of said order what portion, or portions, if any, of its certificate had been inactive or dormant during the preceding 60 days, and to show cause why an order should not be entered requiring the carrier to comply with the provisions of the Alabama Motor Carrier Act, or in the alternative to indicate that it desired oral hearing, and further ordering that if a carrier failed to comply with the terms of said order, such order was to be considered as a proceeding instituted under Sec. 5(8) of Alabama Motor Carrier Act of 1939, to determine whether the certificate, or any portion thereof, should be suspended or re-

voked; and that it appearing that Avery Freight Lines, Inc., did not comply with the provisions of the order of March 31, 1955, within 30 days from the date of that order and did not indicate that it desired an oral hearing.

It was also recited that it further appearing to the Commission that Avery Freight Lines, Inc., was not then and had not theretofore transported petroleum or petroleum products or other liquid commodities in bulk and had not complied with the provisions of Sec. 17, subd. B of the Alabama Motor Carrier Act of 1939, in that it had failed to provide equipment and facilities for the intrastate transportation of liquid commodities in bulk, and it further appearing that the public convenience and necessity was affected and good cause appearing therefor;

It was ordered by the Commission that that portion, if any, of the certificate of this appellant authorizing the transportation of liquid commodities in bulk be immediately suspended pending the hearing to the extent that the same was not in bona fide operation on the date of the citation (May 31, 1956).

It was further ordered by the Commission that this appellant appear before the Commission on the 26th day of June, 1956, and then and there show cause why the Commission should not change the certificate of appellant as provided by Sec. 301 (14) of the Alabama Motor Carrier Act for unlawful failure to comply with the provisions of Sec. 17, subd. B of the Alabama Motor Carrier Act, or with the lawful order of the Commission, dated March 31, 1955; or in the alternative to attach to the exercise of the privilege granted by such certificate such reasonable terms, conditions and limitations as the public convenience and necessity might require.

In response to the citation, this appellant appeared before the Public Service Commission on the date fixed and protested against the authority of the Commission to take the proposed action, and also denied

receipt of the order of the Commission of March 31, 1955. In this proceeding, instituted on May 31, 1956, W. M. Chambers, an individual d/b/a W. M. Chambers Truck Line; Smith Transfer Co., Inc., a corporation; Hearin Tank Lines, Inc., a corporation, Liquid Carriers, Inc., a corporation; Decatur Petroleum Haulers, Inc., a corporation, and Martin Truck Lines, Inc., a corporation, holders of certificate of Convenience and Necessity to transport liquid commodities in bulk in tank vehicles, were allowed to intervene, and testimony was taken before the Commission, and the report and order of the Commission, dated July 13, 1956, was made, from which the appeal was taken to the Circuit Court of Jefferson County, in Equity, as aforesaid.

Upon a hearing in the Circuit Court of Jefferson County, in Equity, that court found in effect that the appellant did not receive the order of March 31, 1955, and that it had not unlawfully abandoned a substantial portion of its operating authority. As to the finding of the Commission, which was in substance, that in the public interest there should be deleted from the operating authority of the appellant any authority to transport liquid commodities in bulk in tank vehicles unless and until it had been shown to the Commission, in public hearing, that the public convenience and necessity required such services, it was held that the Commission, by this finding, misapplied the law to the facts.

Under Sec. 82 of Title 48, Code of 1940, the Circuit Court of Jefferson County, in Equity, reserved judgment and remanded to the Alabama Public Service Commission for further proceedings and taking of additional testimony in conformity with the following directions:

(a) That an issue be made up between the parties under the provisions of Subsec. A of Sec. 10 of the Motor Carrier Act of 1939, as to whether or not, as of the 31st day of May, 1956, the public convenience and necessity required attachment to the exercise of the privilege granted by appellant's certificate a limitation in the form of a deletion therefrom of authority to transport liquid commodities in bulk in tank vehicles:

(b) If so, to what extent, whether statewide or less, such limitation would be reasonable in the light of all circumstances involving the public interest, including, but not limited to the dormancy of appellant's exercise of its certificate of authority in that respect, the specialization of the service, the extent to which the field of such service was occupied by other carriers pending the dormancy of appellant's operations in the field; and if the limitation be less than statewide, the points, routes or territories within the State of Alabama wherein the proposed activities of the appellant would probably be injurious to the transportation system, or, on the other hand, would serve the public convenience and necessity without working disproportionate injury to such system.

In compliance with the remandment, further testimony was taken before the Commission, beginning on October 29, 1956.

Thereafter, on December 13, 1956, the Commission made a supplemental report and findings and certified the same to Hon. Robert C. Giles, Judge of the Circuit Court of Jefferson County, in Equity.

In substance, the Commission reported that the supplementary testimony before the Commission was to the effect that the service of the intervenors within the scope of their several operating authorities is sufficient and adequate to meet the reasonable needs of the public, that these carriers are adequately serving the public convenience and necessity within the scope of their respective certificates and permits, and that they were all serving on May 31, 1956; that since the original finding could not be based upon abandonment or failure to obey the mandate set forth in the order of May 31, 1955, the original order should have been limited to a deletion of authority to render a service duplicating the service of the intervenors as to commodities and territory, especially in view of the fact that the serv-

ice of such intervenors was the only testimony pertaining to the public convenience and necessity, and that there should be attached to appellant's certificate of public convenience and necessity that it may not perform a similar service to that performed by intervenors, and that such limitations should be accompanied by an amendment to its certificate deleting therefrom all authority to transport the liquid in tank trucks between the points and in the territories served by intervenors; and that the public convenience and necessity required such deletion from appellant's certificate of all authority to transport the liquid commodities in bulk in tank trucks between the points and in the territory specifically set forth in Appendix "A" to said report. The Appendix "A" referred to set out the operating authority under various certificates of the intervenors.

In substance and effect, the decree of the Circuit Court of Jefferson County affirmed this report and finding and entered its decree on March 22, 1957, as above stated, and from which decree this appeal was perfected.

■ In its final analysis, this record presents, among other things, the pivotal question of whether or not the Public Service Commission has authority under Sec. 301 (10) of Title 48, Code of 1940, to delete from Avery Freight Lines' Certificate of Public Convenience and Necessity, No. 2013, its authority to transport liquid commodities in bulk in tank vehicles.

In our opinion, and we so hold, the Commission has no such authority. This holding renders it entirely unnecessary to review other questions raised in the record, including a consideration of the evidence taken before the Commission.

It seems to be conceded that Certificate No. 2013 gives its holder the right to transport liquid petroleum in bulk in tank vehicles, and it should be borne in mind that the appellant in these proceedings was not before the Public Service Commission seeking to establish the fact of a public convenience and necessity for its opera-

tion, but was before the Commission defending the rights it already possessed.

■ This court has held that the present State Motor Carrier Act is modeled after the Federal Motor Carrier Act of 1935 (49 U.S.C.A. Sec. 301 et seq.), recast to cover intrastate instead of interstate carriers. North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183. In construing the terms and provisions of Alabama statutes derived from federal statutes, such terms and provisions will usually be considered as having the meaning given by the federal courts. State v. Pollock, 251 Ala. 603, 38 So.2d 870, 7 A.L.R.2d 757; Jackson Securities & Investment Co. v. State, 241 Ala. 288, 2 So. 2d 760.

A comparison of Sec. 301(10), subd. A of Title 48, Cum. Pocket Part, Code of Alabama 1940, with Sec. 308(a) of Title 49 U.S.C.A., reveals that they have the same meaning, scope and purpose. In fact, they are, in pertinent part here considered identical. The same can be said of Sec. 301(14) of Title 48, Cum. Pocket Part, Code of Alabama 1940, with reference to Sec. 312 of Title 49 U.S.C.A.

In pertinent part, Sec. 301(10) (a) of Title 48, supra, reads as follows:

"Any certificate issued under section 301(8) of this title and section 301(9) of this title shall specify the service to be rendered and the routes over which, the fixed termini, if any, between which, and the intermediate and off-route points, if any, at which, and in case of operations not over specified routes or between fixed termini, the territory within which the motor carrier is authorized to operate; and there shall at the time of issuance and from time to time thereafter, be attached to the exercise of the privilege granted by the certificate such reasonable terms, conditions and limitations as the public convenience and necessity may from time to time require, including terms, conditions and limitations as to the extension of the route or

routes of the carrier, and such terms and conditions as are necessary to carry out, with respect to the operations of the carrier, the requirements established by the commission under this article, provided, however that the carrier may add to his or its equipment and facilities over the routes, between the termini, or within the territory specified in the certificate, as the development of the business and the demands of the public shall require, subject to such reasonable regulations as the commission may prescribe. * * * "

Section 301(14), supra, reads as follows:

"Certificates, permits and licenses shall be effective from the date specified therein, and shall remain in effect until terminated as herein provided. Any such certificate, permit or license may, upon application of the holder thereof, in the discretion of the commission be amended or revoked, in whole or in part or may upon complaint, or on the commission's own initiative, after notice and hearing, be suspended, changed or revoked, in whole or in part, for wilful failure to comply with any provision of this article, or with any lawful order, rule, or regulation of the commission promulgated thereunder, or with any term, condition or limitation of such certificate, permit, or license; provided, however, that no such certificate, permit or license shall be revoked (except upon application of the holder) unless the holder thereof wilfully fails to comply within a reasonable time, not less than thirty days, to be fixed by the commission, with a lawful order of the commission, made as provided in this article, commanding obedience to the provisions of this article, or to the rules or regulations of the commission thereunder, or to the term, condition or limitation of such certificate, permit or license, found by the commission to have been violated by such holder."

We have not heretofore considered Sec. 301(10), subd. A or Sec. 301(14) in the light of the facts of this case. Nor do we find any federal cases construing the federal acts in the light of the exact facts here considered.

In Castle v. Hayes Freight Lines, 348 U.S. 61, 75 S.Ct. 191, 192, 99 L.Ed. 68, we find the following expression:

"Exclusive power of the Federal Government to make this determination is shown by § 306 of 49 U.S.C., 49 U.S.C.A. § 306 which described the conditions under which the Interstate Commerce Commission can issue certificates of convenience and necessity. And § 312 of the same title provides that all certificates, permits or licenses issued by the Commission 'shall remain in effect until suspended or terminated as herein provided.' But in order to provide stability for operating rights of carriers, Congress placed within very narrow limits the Commission's power to suspend or revoke an outstanding certificate. No certificate is to be revoked, suspended or changed until after a hearing and a finding that a carrier has willfully failed to comply with the provisions of the Motor Carrier Act or with regulations properly promulgated under it."

In the case of Rock Island Motor Transit Co. v. United States, D.C.N.D.Ill., 90 F.Supp. 516, 519, it was said:

"The operating rights acquired by plaintiff, and the certificates evidencing such rights, obtained in pursuance of the final orders of the Commission of April 1, 1938, in Docket No. MC–F–445, and November 28, 1944, in Docket No. MC–F–2327, are in the nature of franchise rights and can only be changed or revoked as provided by law. * * *

* * * * * *

" * * * The Commission had no lawful power to diminish those rights at some later date since those rights

had become vested in plaintiff, as successor in interest, except as such power may be otherwise provided by statute. That power is delimited with precision in Section 212 of the Act and only in Section 212. [Sec. 312(a), 49 U.S.C.A.] * * *

\* \* \* \* \* \*

" * * * Certificates such as here involved and the rights which they confer are property of value. City of Owensboro v. Cumberland Telephone & Telegraph Co., 230 U.S. 58, 33 S. Ct. 988, 57 L.Ed. 1389; Seatrain Lines v. U. S., D.C., 64 F.Supp. 156, 161; Crescent Express Lines v. U. S., D.C., 49 F.Supp. 92; Capitol City W. P. & M. Co., Inc., 12 M.C.C. 79. Such rights are entitled to constitutional protection. Frost v. Corporation Commission of Oklahoma, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483; United States v. Seatrain Lines, Inc., 329 U.S. 424, 67 S.Ct. 435, 91 L.Ed. 396. The Commission's order violates the Fifth Amendment to the United States Constitution."

The Rock Island case was appealed to the Supreme Court of the United States where it was reversed on grounds not here pertinent, but the Supreme Court in its decision made the following statement:

"Transit's objection to the order modifying the provisions under which it operates these routes may be generalized as a contention that the Commission's order changes or revokes a part of Transit's operating authority, previously granted by the Commission, without any failure by Transit to comply with any term, condition or limitation of the Commission authority under which Transit functions. Changes or revocations may only be made under § 212(a) of the Interstate Commerce Act (§ 312(a), 49 U.S.C.A.), for such failures." 340 U.S. 419, at page 426, 71 S.Ct. 382, at page 387, 95 L.Ed. 391.

In the case of United States v. Seatrain Lines, 329 U.S. 424, 67 S.Ct. 435, 439, 91 L.Ed. 396, the Commission sought to deprive Seatrain of the right to carry commodities generally on the theory that "commodities generally" did not include the right to carry loaded or unloaded railroad cars. The Supreme Court of the United States found that the proceedings were an effort to modify materially Seatrain's original certificate, and held the Commission to be without authority to do so, saying "the certificate, when finally granted, and a time fixed for rehearing it has passed, it *is not subject to revocation in whole or in part except as specifically authorized by Congress."* (We interpolate Sec. 312(a), Title 49 U.S.C.A.)

It is true that Seatrain's certificate was issued under the Water Carrier Act (49 U.S.C.A. § 909(d) and which act may be somewhat different from the Motor Carrier Act, but the holding is clearly to the effect that the certificate could not be revoked, suspended or changed except upon compliance with Sec. 312(a) of Title 49 U. S.C.A.

Unquestionably this is a proceeding, in its final analysis, to revoke a part of Avery Freight Lines' certificate under the provisions of Sec. 301(10), subd. A, supra. We are clear to the conclusion that 301(14) is the only authority under which this can be accomplished.

▪ The record clearly shows that the proceeding of May 31, 1956, against Avery Freight Lines, Inc., was instituted under the provisions of Sec. 301(14); that on appeal to the Circuit Court of Jefferson County, in Equity, from the order of the Public Service Commission, that court held, in effect, that the order of the Commission could not be sustained because of the lack of proof; that the court reserved judgment, and under the provisions of Sec. 82, Title 48, Code of 1940, remanded the cause to the Commission and ordered that an issue be made up between the parties under Sec. 301(10), subd. A, as to whether or not, as of May 31, 1956, the public convenience

and necessity required attachment to the exercise of the privilege granted by appellant's certificate a limitation in the form of a deletion therefrom of authority to transport liquid commodities in bulk in tank vehicles. Once a certificate has been issued by the Public Service Commission, it cannot be revoked, suspended or changed until after a hearing and a finding that *a carrier has willfully failed* to comply with the provisions of the Motor Carrier Act or with regulations properly promulgated under it. Clearly, this proceeding was instituted to revoke, change or suspend, in part at least, Avery Freight Lines' Certificate No. 2013.

The decree of the Circuit Court of Jefferson County, Alabama, in Equity, is reversed and the cause is remanded to the Alabama Public Service Commission with directions to enter its order, judgment or decree in conformity with this opinion.

LAWSON, SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.