

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 23, 1960

Col. Homer Garrison, Jr.
Director
Texas Department of Public Safety
P. O. Box 4087
North Austin Station
Austin, Texas

Opinion No. WW 814

Re: Questions relating to authority
of Department of Public Safety
in enforcing the Texas Motor
Carrier Act as to motor
carriers transporting in inter-
state commerce, over Texas
highways, commodities which
are exempt from ICC regula-
tions.

Dear Col. Garrison:

We quote your letter of October 27, 1959, in part, as follows:

"This request for an opinion is prompted by Federal
decisions in recent years which appear to restrict the
authority of States to regulate the operation of motor
vehicles engaged in interstate transportation. (Castle v.
Hayes Freight Lines, Inc., 348 U. S. 61 (1954) ).

"Pursuant to Article 1690b (V.A.P.C.), as amended
by the 54th Legislature, it is the duty of this Department
to enforce the Motor Carrier Act (Art. 911b, V. A. C. S.)
except for rate violations. This Act, of course, included
a requirement that vehicles hauling property for compen-
sation or hire over the public highways of this State have
proper authority from the Railroad Commission. This
opinion request relates to the application of the Act to
vehicles performing transportation as private carriers
or as "exempt" carriers under Sections 203 (a) (17)
and 203 (b), respectively of the Interstate Commerce Act.

"For the purpose of this request, assume that an
"exempt" carrier has obtained from the Texas Railroad
Commission a permit which authorizes the use of Texas
Highways while transporting in interstate commerce com-
modities which are exempt from regulation by the ICC
pursuant to Sec. 203 (b) (6) of the Interstate Commerce
Act, as amended by the Transportation Act of 1958.
Assume further that such a carrier is found to be trans-
porting in interstate commerce, over Texas highways,
commodities which are not exempt from ICC regulation.
(Refer to Composite Commodity List, Appendix, to
Motor Carrier Information Bulletin No. 3, attached).
Under such assumptions, your opinion is respectfully
requested of the following:

"1. What Texas criminal statutes
would be violated?

"2. Can the driver of such a vehicle
be arrested without a warrant for such a
violation?

"3. What is the proper charge to file
on the operator of such a vehicle? A form
for a complaint for such a violation would be
appreciated.

"4. What are the elements which must
be proved by the State in such case?

"5. Would your answers to any of the
foregoing questions be affected by the answer to
this additional question No. 6? If so, your
opinion is further requested of the following
question No. 6.

"6. Does the Railroad Commission of
Texas have authority to restrict the carrier
to hauling, in interstate commerce, commodities
which are exempt from ICC regulation? In
doing so, is it enough that the permit simply
recite the restriction, or must the Commission
have actually made a determination that the
highway affected and the safety of the traveling
public thereon will not be adversely affected?

"Based upon existing Federal decisions, some Texas case law, and statements contained in such Attorney General opinions as Nos. O-3973, O-3107, O-1843, O-3176, O-4262, and O-4853, this Department has misgivings as to whether it can interfere with an interstate operation by a carrier after the Commission has made a determination that its operation on the highways would not adversely affect the highways or the public safety."

We will answer your questions in the order asked.

The answer to question No. 1 is Article 1690b of the Penal Code and Art. 911b (V. C. S.). Under the facts outlined in your opinion request, the carrier has only been authorized by the ICC and the Texas Railroad Commission to haul exempt commodities. It follows that if such carrier hauled any other kind of commodity, he would neither have authority from the ICC nor the Railroad Commission to haul such commodity.

In our opinion the Hayes case that you cite (Castle v. Hayes Freight Lines, Inc., 348 U. S. 61 (1954) ) involved the question of the right of a state to "bar interstate motor carriers from the use of state roads as punishment for repeated violations of state highway regulations." In this case, Illinois sought to bar Hayes, a carrier with a certificate from the Interstate Commerce Commission, from the use of Illinois highways on the grounds that Hayes was a repeated violator of Illinois weight laws. The Supreme Court of the United States held that the State of Illinois had no right to bar this certified interstate motor carrier from using the highways of the state. The Supreme Court of Texas reached a similar result in Railroad Commission of Texas v. Querner, 242 S. W. 2d 166 (1951). Also see Southwestern Greyhound Lines v. Texas Railroad Commission, Sup. Ct. of Tex. 1936, 99 S. W. 2d 263; 109 A. L. R. 1235.

The carrier in the question presented has neither ICC authority nor authority from the Texas Railroad Commission for the specific commodities hauled. "An examination of the Acts of Congress discloses no provision, express or implied, by which there is withheld from the State its ordinary police power to conserve the highways in the interest of the public and to prescribe such reasonable regulations for their use as may be wise to prevent injury and damage to them." Morris v. Duby, 274 U. S. 135. Ex Parte Trulock, Tex. Ct. Crim. App. 1940, 140 S. W. 2d 167. Also see McDonald v. Thompson, 305 U. S. 263; Maurer v. Hamilton, 309 U. S. 598; Eichholz v. Public Service Commission of Missouri, 306 U. S. 268.

The answer to your question No. 2 is "Yes". The first sentence of

Section (d) of 1690b reads as follows:

"Any License and Weight Inspector or other peace
officer of the Department of Public Safety shall have
the power and authority to make arrests without war-
rant for any violation of this Act except rate violations."

In answer to your question No. 3, the following are suggested forms
of complaints (omitting formal parts) :

## COMMON CARRIER COMPLAINT

That on or about the _____ day of _____ 196___,
in the County of _____, State of Texas, John Doe, was
then and there a motor carrier, and he, the said John Doe
did then and there unlawfully operate a motor propelled
vehicle as a common carrier and did then and there trans-
port property for compensation or hire upon a public high-
way of said County and State, and in the course of trans-
porting said property did traverse said highway between
the incorporated cities of _____ and _____,
without having first obtained from the Railroad Commission
of the State of Texas, a permit of public convenience and
necessity to operate said motor vehicle upon the public high-
ways of this state as a common carrier, against the peace
and dignity of the State.

## CONTRACT CARRIER COMPLAINT

That on or about the _____ day of _____ 196___,
in the County of _____, State of Texas, John Doe, was
then and there a motor carrier, and he, the said John Doe
did then and there unlawfully operate a motor propelled
vehicle as a contract carrier and did then and there transport
property for compensation or hire upon a public highway of
said County and State, and in the course of transporting
said property did traverse said highway between the cities
of _____ and _____ without having first
obtained from the Railroad Commission of the State of
Texas a permit to operate said motor vehicle upon the
public highways of this State as a contract carrier, against

the peace and dignity of the State.

In answer to your question No. 4, the following are the elements which must be proved by the State in such case:

Elements: (Common Carrier)
1. Venue. (Art. 1690b, P. C. )
2. All elements constituting a person to be a "motor carrier." (Art. 911b V. C. S., Sec. 1 (g) ).

3. That the defendant is a common carrier.
4. That at such time and place, John Doe had not first obtained a certificate of public convenience and necessity from the Railroad Commission. (Sec. 3, Art. 911b, V.C.S.)

Elements: (Contract Carrier)
1. Venue. (Art. 1690b, P. C.)
2. All elements constituting a person to be a "motor carrier." (Art. 911b, V. C. S., Sec. 1 (g) ).
3. Elements constituting a contract carrier. (Art. 911b, Sec. 1 (h), V. C. S.)
4. That at such time and place John Doe had not first obtained a permit from the Railroad Commission to operate as a contract carrier. (Art. 911b, Sec. 6, V. C. S.)

The answer to your question No. 5 is "No".

In answering your question No. 6, we quote from Ex Parte Sterling, Tex. Sup. Ct., 122 Tex. 108, 53 S. W. (2) 294:

"The power to prohibit the use of the highways for such purposes necessarily includes the lesser power to place such restrictions and regulations upon the use thereof as may be deemed proper . . . "

In the cases cited herein, the courts recognize the power of the state to regulate the use of its highways in the realm of safety to the traveling public and protection of its highways. Consequently the state has the power to restrict or limit such grant to the same grant of authority that has been

made by the Interstate Commerce Commission to any given carrier. In other words, the grant of authority to use Texas highways extends only to the hauling of a particular commodity which has been authorized by the ICC. It does not authorize the hauling of any others. In so doing, it is enough that the permit simply recite the restriction.

In any case where permission to use the highways of Texas for an interstate carrier is sought, the Railroad Commission, after due notice to all interested parties, holds a hearing to determine whether or not the permission requested is consonant with the safety of the public and protection of the highways.

Further, it is our opinion that the Attorney General's opinions enumerated in your letter are in no way conflicting with this opinion.

## SUMMARY

Where a carrier in interstate commerce has obtained a permit from the Texas Railroad Commission which authorizes the using of Texas highways while transporting in interstate commerce certain commodities authorized by the ICC by virtue of being exempt by Federal statute, he has no Texas authority to use the Texas highways to transport commodities in interstate commerce for which he has no authority from the ICC. Such transportation is in violation of Article 1690b, Penal Code and Article 911b, V. C. S., and such violator can be arrested without a warrant. Form for complaint is set out along with the elements necessary to prove said violation.

Respectfully submitted,

WILL WILSON
ATTORNEY GENERAL OF TEXAS

By John C. Phillips
Assistant Attorney General

JCP:nb

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman

Riley Eugene Fletcher
Gordon C. Cass
Jack N. Price

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore